# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## SECOND GRAND DIVISION.

### JANUARY TERM, 1870.

GEORGE HESSLER

*v.*

THE DRAINAGE COMMISSIONERS.

53 105
133 476
53 105
178 383
53 105
188 361

1. TAXATION—*upon whom the power may be conferred.* Under our State constitution the right of taxation in no form can be granted by the general assembly to private persons or to private corporations.

2. SAME—*and herein, what constitutes a private corporation.* The act of the 15th of February, 1855, authorizing the drainage of wet lands in certain townships of Cook county, and constituting certain persons therein named a body politic and corporate by the name and style of The Drainage Commissioners, was never submitted to a vote of the people to be affected by it, but the sole charter of the authority thereby conferred is the act itself. And although the object of the corporation, when accomplished, would be a public benefit, yet the corporation itself, in its composition and management, is strictly private.

3.  And so much of the act as undertakes to confer upon the commissioners the power to levy a tax, under the name of assessments, upon lands within the designated districts, to carry out the objects of the corporation, is in violation of section 5, of article 9, of the constitution, the commissioners not being "corporate authorities" of the district to be affected by their action, and the corporation being merely a private corporation.

4.  SAME—*consent of the people essential.*  Although several towns may be united in one district for the special purpose of establishing and maintaining certain designated improvements, and the corporate authority of the district so created, in respect to the object of its creation, may be vested in commissioners specially created for the purpose, and in whom the power may be vested of assessing and collecting taxes for the special corporate purposes within the new corporate district, yet a local burden of that character cannot be imposed upon the people of the district so created, without their consent.

5.  "CORPORATE AUTHORITIES"—*who constitute.*  By the term "corporate authorities," as used in the constitution, must be understood those municipal officers who are either directly elected by the population to be taxed, or appointed in some mode to which they have given their assent.

6.  EMINENT DOMAIN—*of its application.*  The doctrine of eminent domain is strictly applicable only to the condemnation of property, and not to the levy of a tax.

7.  Where the legislature incorporated a company whose object was to drain certain districts of wet lands, the attempt to give to such corporation, which was a mere private corporation, the power to levy a tax, under the name of assessments, upon the lands deemed by the corporators to be benefited by the proposed improvement, could not properly be referred to the doctrine of eminent domain, because the just compensation required to be made, in the exercise of that right, must be determined by some impartial agency, and not by those interested thereby in replenishing their own treasury.

WRIT OF ERROR to the County Court of Cook county.

The opinion sufficiently states the case.

Messrs. SCOVILLE, BAILEY & BRAWLEY, for the plaintiff in error.

This was a proceeding in the County Court of Cook county, for a judgment against certain land belonging to

George Hessler, for the non-payment of an assessment levied for the drainage of wet lands in various townships in said county, under an act of the general assembly, entitled "An act authorizing the Drainage of Wet Lands in Townships 41 and 42, in ranges 13 and 14 East, and Sections 1, 2, 11 and 12, in Township 40 of Range 13, and to incorporate the Drainage Commissioners for that purpose," approved February 15, 1855.

We contend that such assessment is a tax, which the legislature have no power to authorize to be levied by a mere private corporation. The Drainage Commissioners, upon whom the power is attempted to be conferred by the act in question, to levy a tax, are not such "corporate authorities" as can be invested, under our constitution, with such a power. The case of *Harward et al.* v. *St. Clair and Monroe Levee and Drainage Co.* 51 Ill. 130, is decisive of this case.

Mr. H. B. HURD, for the defendants in error.

If this assessment can be considered a tax, I concede the law to be unconstitutional.

An assessment is not a tax when made for benefits bestowed by the improvement for which it is levied. *Canal Trustees* v. *City of Chicago,* 12 Ill. 406; *Ottawa* v. *Free Church,* 20 Ill. 423; *Wright* v. *City of Chicago,* 46 Ill. 44; *Reeves* v. *Treasurer, etc.* 8 Ohio, 333; *Higgins* v. *City of Chicago,* 18 Ill. 276; *City of Chicago* v. *Colby,* 20 Ill. 614.

"An assessment is not a legitimate tax, but an equation between burden and benefit." *Wright* v. *City of Chicago,* 46 Ill. 44.

Sec. 5, Art. 9, of the constitution applies to taxes for corporate purposes only, and contains both the authority for, and the limitations upon, the exercise of the taxing power by corporate authorities.

The taking of private property for public improvements, either directly, by condemnation, or indirectly, by assessment

for benefits, is sustainable only upon the right of "eminent domain." *Wright* v. *City of Chicago*, 46 Ill. 44; *Higgins* v. *City of Chicago*, 18 Ill. 276; *City of Chicago* v. *Larned*, 34 Ill. 203; *Reeves* v. *The Treasurer, etc.* 8 Ohio, 333.

The legislature is not circumscribed in the choice of its agents, in the exercise of this right, even in cases where benefits are assessed.

Hence it may and does employ private as well as public corporations; or it may do it directly, through its own agents, as commissioners.

The various statutes authorizing railroad companies to condemn a right of way, and to deduct benefits from damages, all rest upon this right of eminent domain, and provide for taking private property for public uses, upon compensation, and for compensation in "benefits," and all through private corporations. Gross' Statutes, Railroad, Chap. 86, p. 541, Sec. 53; Right of Way, Gross' Statutes, Chap. 92, p. 657, Sec. 1, 11.

An act which provides that in the assessment of damages, etc., an allowance may be made for the benefit resulting to the complainant from the construction of the improvement, is not unconstitutional. *Alton & Sangamon R. R. Co.* v. *Carpenter*, 14 Ill. 190; *McIntyre* v. *The State*, 5 Blackf. 385; *The State* v. *Brackner*, 8 Blackf. 246; *Indiana C. R. Co.* v. *Hunter*, 8 Ind. 75; *Vanblaricum* v. *The State*, 7 Blackf. 209.

When it is admitted that an assessment for benefits is not a tax, then the legislature is left absolutely free, as to the agencies it shall use, provided due care is taken to secure impartiality. *Gilmer* v. *Lime Point*, 18 Cal. 229; *Reeves* v. *Treasurer, etc.* 8 Ohio, 333.

In Indiana, there is a general law authorizing the formation of companies to drain lands and assess benefits. *Eel, etc. Association* v. *Topp*, 16 Ind. 242; 1 R. L. Ind. 1860, p. 303.

In Massachusetts, meadows, swamps, and low lands may be assessed among the proprietors, for the expense of draining

same, without reference to any political district, and in proportion to the benefits.  R. S. of Mass. 673.

In Connecticut, the same power is given by statute to commissioners, for draining marshy lands.  *Statute of Conn.,* Ed. of 1839, p. 544.

In North Carolina, Revised Code of 1854, Chap. 40, p. 254, commissioners appointed by court.

Louisiana—drainage companies provided for.  *Ranney* v. *Birthe et al.,* 15 La. A. R. 343.

In the case of *Gilmer* v. *Lime Point,* the court say:  " The objects for which this right is most commonly exercised are public roads, streets, turnpikes, railroads, and canals; and in a large majority of these cases, the works are to be constructed and owned, not by the State, but by some municipal or other corporation, just as the fort in this case is to be constructed and owned by the United States.  If the use for which the property is taken be to satisfy a great public want, or public exigency, it is a public use, and the State is not limited to any given mode of applying that property, to satisfy the want or to meet the exigency.  It may itself make the application, or it may make it through the instrumentality of others.  It is not important whether the corporation, through whose instrumentality the object is to be attained, be a domestic or foreign corporation.  *Varrick* v. *Smith,* 3 Paige, 45; *R. R. Co.* v. *Davis,* 2 Dev. and Bat. 451; 2 Gibb's 447; 2 Kent's Com. 339; *Morris C. and B. Co.* v. *Townsend,* 24 Barb. 665."

" In determining whether the exercise of the power be called for, in any given case, it is held by many authorities of great weight, that the legislature is the exclusive judge of the public necessity or advantage.  *Com.* v. *Breed,* 4 Pick. 483; *Spring* v. *Russell,* 7 Greenl. 272; 6 Pick. 10; 23 Pick. 395; 3 Paige, 73; 4 Hill, 151; 24 Barb. 665; 19 Law R. 248, 253—where the whole subject is discussed with much learning and ability."

Perhaps the best summary of the law, upon this point, may be found in Sedgwick on Statutory and Constitutional Law, pp. 517, 518, in which "draining swamps and marshes" is mentioned as coming within the exercise of this power of eminent domain, and that it may be exercised directly, or through private corporations.

This case is clearly distinguishable from that of *Harward et al.* v. *St. Clair and Monroe Levee and Drainage Co.* In that case, those authorized to levy the tax had a private pecuniary interest, which the authorities prescribed in this act do not possess.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a writ of error to the County Court of Cook county, sued out by George Hessler, to reverse a judgment rendered by that court in favor of a corporation styled "The Drainage Commissioners," against the land of the plaintiff in error.

It appears the general assembly of this State, on the fifteenth of February, 1855, passed an act authorizing the drainage of wet lands in certain townships of Cook county, and constituted certain persons therein named a body politic and corporate, by the name and style of "The Drainage Commissioners," and by that name to have succession, with power to contract and be contracted with, to sue and be sued, and plead and be impleaded, and were fully invested with all the powers which might be needful to carry into effect all the purposes and objects of the act, whether specified or not.

The corporation is authorized to construct and alter ditches and embankments, culverts, bridges, and roads, and to maintain and keep the same in repair over, through, and across any land lying in the designated townships, and under, over, and across any public road, railroad, or plank road, which were or might be constructed in those townships, and to

appropriate all the necessary land, stone, timber, and materials of every kind needful therefor, and for their maintenance and repair.

When a particular work was determined on, the commissioners, from their own body, appointed appraisers of the damages to the owners of the land over which the work might be projected, less the benefit occasioned by the construction. The expense attending the construction, and costs incurred on account thereof, were to be assessed upon the lands benefited thereby, and the commissioners themselves were to make the assessment, in writing, without oath. The assessments were made a lien upon the land, and on failure to pay them, an action *in personam*, or *in rem*, might be brought against the delinquent. If the proceedings were *in rem*, then the lands were to be offered for sale by the sheriff, and if, at the close of the sale, any of the lands remain unsold, the sheriff is authorized to sell the same to " The Drainage Commissioners " for the amount of the judgment and costs, at the option of the commissioners; and power is conferred on the commissioners to take and hold such lands, and sell and convey the same.

Power is conferred to borrow money to carry on the work determined on, until the assessments shall be collected to pay the same. The judge of the county court of Cook county is authorized to fill vacancies that may occur in the board, and the charter is perpetual.

Several amendments were made to this act, which it is not necessary to notice, as by no process of reasoning, or argument, can the original act be sustained, keeping in view the provisions of our State constitution, in force at the time of the passage of this act.

The corporation created, is strictly a private corporation, and to which has been confided the power of taxation to an unlimited extent, under the name of assessments.

The plaintiff in error attacks the act in question as one not within the constitutional competency of the general assembly

to enact, and refers to the case of *Harward et al.* v. *The St. Clair and Monroe Levee and Drainage Company*, 51 Ill. 130, to sustain him on the point.

The defendants in error insist there is a great difference in the cases; that the Levee and Drainage Company of St. Clair and Monroe counties was a private corporation, with power to perpetuate itself; to take and hold property by gift, purchase, or otherwise, to the amount of one hundred thousand dollars; to sell and convey the same; to borrow not exceeding twenty-five thousand dollars at one time; to issue bonds and secure their payment by mortgages, and to levy an annual tax of twenty thousand dollars for the purpose of constructing levees. The tax to be levied at the option of the company; no hearing given and no appeal allowed.

Comparing the act in question with the one quoted, we perceive but slight difference between them, so far as the principle involved is concerned, and that is this: That under our State constitution, the right of taxation in no form can be granted by the general assembly to private persons, or to private corporations. That "The Drainage Commissioners" are a private corporation, cannot be denied. Nothing they are empowered to do concerns the general public, all their franchises being confined to a very restricted locality. No person, beyond that locality, has any interest in any act to be by them performed. This being so, the whole argument and reasoning of the case cited, applies with force and propriety to the act in question. It is even more objectionable than the St. Clair and Monroe county levee act, for while that limits the taxation to be imposed by the corporation to twenty thousand dollars annually, the amount of assessments is unlimited by this act, and it is imposed by the corporation itself, on their own judgments, and not under the sanction of an oath. As was said in Harward's case, although the objects of this corporation might be, when accomplished, a public benefit, yet the corporation itself, in its composition

and management, is strictly private. The public, or the persons to be taxed, have no more voice in its control than they have in the management of our railroads and banks.

To enforce the payment of these assessments, levied by the corporation itself, without the sanction of an oath, the real estate supposed to be benefited by the proposed work, may be sold, and this without rendering any account, or incurring any kind of responsibility, either to the person who pays the assessment, or to any others; and these powers and privileges are conferred without any limitation of time.

The act in question was never in any mode submitted to a vote of the inhabitants of the district embraced in the bill, and the property holders who are to be taxed, have no voice in the control of the company, the selection of its officers, or the imposition of a tax.

These quotations from the opinion in Harward's case are precisely applicable to the case now before us, and if, in the case cited, section 5 of article 9, of the constitution of the State was departed from, equally so has it been in this case, though the term assessment is given to the imposition of the burden, neither having been made by the corporate authorities of the district, nor made for corporate purposes. By the term "corporate authorities" must be understood those municipal officers who are either directly elected by the population to be taxed, or appointed in some mode to which they have given their assent.    Ibid 136.

In disposing of the case of *The People ex rel. John M. Wilson et al. South Park Commissioners* v. *Salomon, County Clerk of Cook county*, 51 Ill. 37, it was held that several towns might be united in one district for the special purpose of establishing and maintaining a public park, and the corporate authority of the district so created, in respect to the object of its creation, might be vested in commissioners specially created for the purpose, and in whom the power may be vested of assessing and collecting taxes for the special corporate purpose within the new corporate district, but a

local burden of that character could not be imposed upon the people of the district so created, without their consent. This is the doctrine of this court, and the case before us .is not within it, as the act in question has never received the assent of the people.

The defendants in error, however, insist that the act may be regarded as an exercise by the legislature of the right of eminent domain. The same point was made in Harward's case, *supra,* and in answer to it, it was said, this court has been inclined to refer to the right of eminent domain the power of municipal corporations to make special assessments for local improvements, and, it is urged, this is only a power of the same character, but it was in vain to attempt a justification of that act on that ground. A just compensation for the property taken is made by the constitution an indispensable requisite to the exercise of this power, and· what shall be a just compensation can be determined only by some impartial agency.

By that act, as by the one in question, the very persons who levy the tax for the benefit of their own treasury, are the persons who decide upon the extent of the benefits to be conferred upon each parcel of land, and thus determine in their own discretion, the amount which each land owner is to pay.

We are not able to perceive any essential difference between this case and Harward's case.

In neither act has the constitutional limitation been observed, and to persons unknown to the people, and possessed of no corporate authority, has a power been confided, for the due exercise of which there is no responsibility, and if permitted, may work wide-spread injury.

However beneficial these ditches may be, as drains, some other mode consonant to the constitution must be adopted for their construction, and that mode is pointed out by this court in Harward's case, *supra.* Believing it was not competent for the general assembly, having our constitution in view, to pass

the law in question, we must hold it invalid, and not conferring upon the defendants in error the powers they have assumed, and must reverse the judgment of the county court.

*Judgment reversed.**

---

*FOSTER *et al. v.* THE DRAINAGE COMMISSIONERS.

WRIT OF ERROR to the County Court of Cook County.

Mr. ROGER S. GREENE, for the plaintiffs in error.

Mr. H. B. HURD, for the defendants in error.

BREESE, C. J. This case is, in all material respects, identical with the preceding, and is decided in the same way.

The judgment of the court below is reversed.

*Judgment reversed.*