ASAHEL GAGE *et al.*

*v.*

CHARLES GRAHAM *et al.*

1. INJUNCTION—*to restrain a tax deed from issuing.* Where a combination is entered into by the collector and the principal bidders at a tax sale, to prevent competition at the sale, and that the lands should be struck off to one of the parties, for the sums charged to the respective tracts, and bidding was thus prevented, the court will enjoin the collector from making a deed to a party to the fraud.

2. CONSTITUTION—*limitation of the taxing power.* The 5th sec. of art. 9 of the constitution of 1848, is a limitation upon the power of the legislature to delegate the right of corporate or local taxation to any but the corporate local authorities, and corporate authorities mean the municipal officers elected by the people to be taxed, or appointed in some mode to which such people have assented.

3. SAME—*tax levied under unconstitutional law.* Where an act of the general assembly created a corporation and appointed officers called drainage commissioners, and authorized them to survey, locate, complete and alter ditches, embankments, culverts, bridges and roads, and to maintain and keep them in repair, and authorizes such officers to assess the expense and cost of such improvements thereof on lands benefited thereby, and providing that when made in writing, specifying the amount imposed on each tract, and returned to the treasurer of the county, it shall be his warrant for the collection of the same : *Held,* that such an assessment is repugnant to the constitution.

4. The officers making the levy are not elected or appointed with the assent of a municipal corporation, nor with the assent of the persons taxed or assessed. They were appointed by the legislature and organized into a private corporation, and are accountable to no other body or persons. Their power to assess is absolute, and they are not required to assess according to the benefits conferred—the owner is given no hearing on the assessment or appeal for its correction, and the law is unconstitutional. And on a sale under the assessment, a court of equity will grant relief by enjoining the collector from making a deed on such sale.

APPEAL from the Superior Court of Chicago ; the Hon. JOHN A. JAMESON, Judge, presiding.

The opinion states the case.

Mr. EDWARD ROBY, for the appellants.

Mr. JOHN P. WILSON, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a suit in equity, brought by appellees, in the Superior Court of Chicago, against appellants, to enjoin the issuing of tax deeds upon certificates of sale of real estate, for taxes, by the collector of Cook county, for the amount of certain special assessments, levied by the Cook County Drainage Commissioners, a corporation created by an act of the general assembly, adopted in 1852, (Sess. laws, 240). No answer having been filed, the bill was taken as confessed, and evidence

heard, and the court found the facts charged in the bill to be true. The bill alleges as one of the grounds of relief, that there was a combination entered into·before the sale between the principal bidders and the collector, to prevent competition at the sale, and that the property should be struck off to Waterman as the purchaser, for the sums charged against the respective tracts; that, by reason of this combination, bidding on this property was wholly prevented; that Waterman became the purchaser in pursuance of the agreement, and parceled out the certificates among those entering into the arrangement, and endorsed them in blank.

It is charged that Gage and Forsythe thus became and are still the holders of these certificates; that the amount of taxes for which the lands were sold, was a fraud upon the law, upon the owner, and is against public policy; that the collector had issued certificates of purchase in violation of law, fair on their face, thus enabling the holder, by endorsement, to sell them to innocent purchasers, and thus create a cloud on appellees' title, leading to litigation, cost and expense.

By issuing these certificates the same wrong was done as if the officer, without notice, judgment or any public sale, had issued them, inasmuch as no money had been paid, and they were issued without legal authority. Under the authority of the cases referred to in the brief, the court had the power to enjoin the execution of a deed on these certificates, and on the facts charged in the bill and confessed by the default, it was its duty to render the decree.

But there is another objection in this case that is fatal to the tax. It is, that the law under which it is levied is repugnant to the constitution. In the case of *Harward* v. *The St. Clair & Monroe Levee & Drainage Company*, 51 Ill. 130, it was held, that sec. 5 of art. 9 of the constitution of 1848, was a limitation upon the power of the legislature to delegate the right of corporate or local taxation to any other than the corporate local authorities, and by the phrase "corporate authorities," must be understood those municipal officers who are either

directly elected by the people to be taxed, or appointed in some mode to which they had given their assent. And the same construction was adopted and applied in *The People* v. *The Mayor, &c. of Chicago*, 51 Ill. 17; and again, in *The People* v. *Canty*, 55 Ill. 33.

The first section of the law under which this tax was levied, creates persons therein named a body corporate. The second section authorizes the corporation to survey, locate, complete and alter ditches, embankments, culverts, bridges and roads, and to maintain and keep them in repair, on the lands in certain townships, in one of which the lands in controversy are situated. The fifth section provides, that the expenses of constructing such improvements together with the costs incurred on account thereof, shall be assessed upon the lands benefited thereby, and authorizes the commissioners named in the act, or any three of them appointed at a regular meeting, to make an assessment in writing, describing the lands assessed, and setting forth the amount imposed upon each tract separately, which, when certified by the commissioners making the same, shall be delivered over to the county treasurer of Cook county, who is authorized and required to collect the same, and the assessment thus made and certified is made his warrant for collecting the assessment.

It will be perceived that these officers are not elected, or appointed with the assent of a municipal corporation, nor with the assent of the persons to be taxed or assessed. They are appointed by the legislature and organized into a private corporation. They are clothed with large, if not dangerous, powers, are accountable to no person for their acts, and their doings are not subject to revision by any other body. Their power to make the assessment is absolute, and is limited by no rule but their discretion. They are not even required to make the assessment according to the benefits the improvements will confer. They may assess any amount, even to the value of the land, so it is on lands benefited, and the owner is given no hearing on the assessment, or an appeal to correct it. If such private corporations may be organized with such absolute

power over the property of others, and they can be sustained, then the guarantees for our property are slender and precarious to an extent that but few had supposed. The very object of all government is security to life, liberty and property. If such burdens may be imposed without any rule but the pleasure or whim of three men, and these enforced under our laws, the tenure by which the citizen holds his property is slender indeed.

This law is violative of the 5th sec. of art. 9 of the constitution, and hence the assessment can not be sustained. The case is like that of *Harward* v. *The St. Clair & Monroe Levee & Drainage Company, supra,* in its material features and it must be governed by it.

No error is perceived in this record, and the decree of the court below must be affirmed.

*Decree affirmed.*