| 71 | 318 |
| 133 | 476 |

## BOARD OF DIRECTORS FOR LEVEEING WABASH RIVER

*v.*

## CHAMBERS HOUSTON.

1. TAXATION *by private corporations—and herein, what is a private corporation.* It was not in the power of the legislature, under the constitution of 1848, to confer upon private persons or private corporations the authority to levy and collect taxes or special assessments on real estate.

2. Where the object of the creation of a corporation is not declared in the law creating it, but it appears that it was to advance the private interests of land-owners in the district incorporated, and none others are embraced in its provisions, although it may incidentally enhance the general prosperity of the whole community, it is none the less a private corporation.

3. By an act of the legislature, certain persons were appointed a board of directors to locate and superintend the construction of a levee on the Wabash river, within certain townships, and were made capable to contract, sue and be sued, by a given name and style. The act further provided that all the owners of real estate within the townships named, at certain stated periods, should elect three resident freeholders of the territory, to succeed the board appointed by the act, and that the board should appoint two freeholders to assess the benefit such improvement would be to each tract or farm, and makes such assessment a lien upon the real estate until paid, and provides for proceedings by summons, in the nature of a *scire facias*, against each delinquent, and a judgment for the sale of the land to pay the assessment and costs: *Held*, that the board created by this act is a private corporation, and that the assessments made under the power therein contained are void, as being in conflict with section 5 of the 9th article of the constitution of 1848.

4. Such a law can not be maintained on the principle that, where the public exigency requires it, the General Assembly may establish districts by the union of two or more municipal corporations, and place the government entirely under the control of the corporate authorities of such districts, bestowing upon them, amongst others, the taxing power, for the reason that that principle, though recognized by the courts, rests upon the distinct ground that the people subjected to the burden must consent to the formation of such district with the attributes of municipalities, whilst this law affords them no opportunity to express either assent or dissent.

WRIT OF ERROR to the Circuit Court of Wabash county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. AARON SHAW, Messrs. BELL & GREEN, and Messrs. GREEN & FIELDS, for the plaintiff in error.

Mr. J. C. DENNY, Mr. GEO. C. REILY, Mr. JAMES S. PRITCHETT, and Messrs. ROBINSON, KNAPP & SHUTT, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The principal point argued is, whether the law under which the assessment was made is not unconstitutional and void, as being in conflict with the 5th section of the 9th article of the constitution of 1848.

By the 1st section of the act of 1865, certain persons named and their successors were appointed a board of directors to locate and superintend the construction of a levee on the Wabash river, as may be advisable, and within the townships therein to be mentioned, with full power and authority to construct such levee, to adopt such measures and do everything that may be necessary to make the work answer the purpose of its construction, and, for that purpose, they were made capable, in law, to contract and be contracted with, sue and be sued, plead and be impleaded, by the name and style of "The Board of Directors for Leveeing the Wabash River and its tributaries on Allison Prairie."

The 2d section provides that all the owners of real estate embraced within the limits of certain townships named shall, on the second Monday of April, 1866, and every two years thereafter, elect three resident freeholders of the territory, to succeed the board appointed by the act, who shall hold their offices for two years, and until their successors shall be elected.

In the 6th section, it is provided the board, as soon as practicable, and as often thereafter as they may deem proper, shall appoint two disinterested freeholders, whose duty it shall be to carefully examine the lands within such territory; to rate and assess the benefits such improvements are or may

be to each tract or farm. and return the same, under their hands. to the board of directors, with a certificate. indorsed and sworn to by them, that it is a true and faithful assessment. to the best of their judgments, and such assessments shall be liens upon the different tracts of land upon which they are assessed until the same are fully paid.

The 7th section provides. the board of directors may, by resolution, order the whole of such assessments to be paid at one time or call for the payment thereof in installments, as in their opinion may be deemed most advisable.

By the 10th section, it is provided, the board of directors may enforce the collection of the assessments, after the delinquent list shall have been filed in the office of the circuit clerk of the proper county, by a summons, in the nature of a *scire facias*, against each delinquent, which shall be served by the sheriff, and, if served ten days before the first day of court, judgment may be rendered by the court against each of such delinquents for the sale of his lands for the payment of such assessments and costs.

This proceeding was commenced, under the latter section, to obtain judgment against defendant for assessments made against his land situated within the limits of the territory described in the act.

It is claimed, the 5th section of the 9th article of the constitution of 1848, which provided, "the corporate authorities of counties, townships. school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property, within the jurisdiction of the body imposing the same," constituted no limitation on the power of the legislature to create every conceivable description of corporate authorities, and, when created, to endow them with the attributes of corporations within the meaning of that clause of the constitution. The argument is, the constitutional objection may be avoided on the ground the corporation created by this act is a public corporation, created for

public purposes, the board of directors being elected by the people of the district who are to be taxed, and all taxes imposed under the act are imposed with the consent of the people to be affected. It is fatal to this view, the assessment was not made by any one elected by the owners of real estate in the district to be taxed, nor even by the alleged corporate authorities of the corporation. It was made, as the statute provides, by two disinterested freeholders chosen by the directors. These freeholders are in no sense corporate authorities of this corporation, nor were they selected by the people to make the assessment.

In *Harward* v. *St. Clair and Monroe Levee and Drainage Company et al.,* 51 Ill. 130, it was held that, by the phrase, " corporate authorities," as used in the constitution, must be understood those municipal officers who are either directly elected by the people subject to the taxes, or appointed in some mode to which they have given their consent. The real estate owners in this district did not elect the persons who made the assessment, nor were they elected in any mode to which they had given their consent.

But the defense may be placed on the broader proposition, that this is not a public corporation for public purposes, and hence it was not in the power of the legislature, under the constitution of 1848, to confer upon it the authority to levy and collect taxes, or, what is the same thing in principle, special assessments, on the real estate within the territory designated.

It has been declared by the decisions of this court, that section 5 of article 9, cited, must be construed as a limitation upon the power of the General Assembly to grant the right to assess and collect taxes to any other than the corporate or local authorities of the municipality or district to be taxed, and, accordingly, it was decided the right of taxation could not be bestowed upon private persons or private corporations. *Harward* v. *St. Clair and Monroe Levee and Drain-*

*age Company, supra; South Park Commissioners* v. *Salomon,* 51 Ill. 37.

This corporation is strictly a private corporation. It has none of the elements of a municipal or other public corporation. In *Teneyck* v. *The Canal Company,* 3 Harrison, 200, the court say: "Public corporations are political corporations, such as are founded wholly for public purposes. and the whole interest in which is in the public. All corporations, whether public or private, are, in contemplation of law. founded upon the principle that they will promote the interest or convenience of the public."

A railway company is a private corporation, yet it is designed to promote the general public good as well as advance private speculation. So, too, are turnpike and canal companies, and other like corporations, designed to enhance the public prosperity. The interest, therefore, which the public may have in a corporation, unless it has all the interest, does not necessarily make it a public incorporation.

All municipal corporations are created by the State to assist, in some degree, in the maintenance of the good order of the whole community, but, primarily, to administer the local affairs of the city, town or district incorporated. Counties, school districts and road districts, are invested with corporate powers. They are involuntary political or civil divisions of the State, created to assist in the administration of the government. As such, of necessity, they are authorized to levy and collect taxes for corporate purposes.

The object of the creation of the plaintiff corporation is not declared in the law, but it is apparent it was to advance the private interests of land-owners in the district incorporated. None others are embraced within its provisions. It is possible, it may enhance the general prosperity of the whole community. Incidentally, it may do this, but it is none the less a private corporation for that reason. It is not a municipality, created to administer the local affairs of the district,

nor is it in any sense a political division of the State or county.

We do not think this law can be maintained on the principle of the cases in this court which hold that, where the public exigency requires it, the General Assembly may establish districts by the union of two or more municipal corporations, and place the government entirely under the control of the corporate authorities of such districts. bestowing on them, among others, the taxing powers. *The People* v. *Salomon*, 51 Ill. 37. It has always been ruled, this power in the legislature is subject to this limitation, that a local burden can not be imposed upon a locality without the consent of the people to be affected. The persons subject to the burdens imposed by this law, never gave their assent to it, nor were they afforded an opportunity to express their assent or dissent. The incorporation was arbitrarily imposed upon them by legislative enactment. The cases that hold the doctrine contended for are all placed on the distinctive ground, the people subjected to the burdens inflicted must consent to the formation of such districts with the attributes of municipalities. This they have never done in the case at bar. The case of *Hessler* v. *Drainage Commissioners*, 53 Ill. 105, is an authority exactly in point, and is conclusive of this view of the law.

There is another unanswerable objection to this law. The constitution requires that all "taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same." This assessment is neither. It is only made against owners of real estate, and persons owning another species of property in the district, although they may be greatly benefited by the contemplated improvement, are subjected to no burdens whatever.

In no view we can take, can this law be maintained. The demurrer was, therefore, properly sustained, and the judgment of the court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE BREESE: I concur in the judgment.