JOURNAL OF ACCOUNTANCY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15946.   Promulgated June 29, 1929.

*Spencer Gordon, Esq.,* and *Fontaine C. Bradley, Esq.,* for the petitioner.

*A. H. Murray, Esq.,* for the respondent.

OPINION.

MURDOCK: The petitioner claims exemption under the following section of the Revenue Act of 1921:

SECTION 231. That the following organizations shall be exempt from taxation under this title—

(6) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual.

It contends that it was organized and operated exclusively for scientific, literary or educational purposes and that the American Institute of Accountants, the stockholder to the benefit of which all of its profits inured, was not a private stockholder.

The petitioner's certificate of incorporation states that one of its purposes was to engage in the general business of printers and publishers. We see that it was to and did publish a magazine and later published a book. The general business of printers and publishers and the publication of magazines and books are ordinarily profitable activities, the income from which is taxable. Of course the purposes as indicated by the certificate of incorporation may be modified by evidence, see *Unity School of Christianity*, 4 B. T. A. 61, still, the purposes as stated therein should not be ignored. Bearing in mind the fact that the determination of the Commissioner is presumed to be correct, and noting that, so far as we have been shown, the petitioner's purposes were broad enough to allow anyone to hold its stock and to allow any kind of printing or publishing to be done for any purposes, we think that the petitioner failed to show that the true purpose of its organization was so much narrower than those nominally contained in the certificate as to bring it within the exempt class.

The petitioner was occupied principally with the profitable publication of a magazine for the American Institute of Accountants. In publishing the magazine there was undoubtedly an intent to advance the science of accounting and to educate those who were willing to buy the magazine and read it with interest, but to say that the petitioner was organized and operated exclusively for scientific

## 1264

or educational purposes would be incorrect in view of its connection with the American Institute of Accountants. In our opinion the purposes for which the petitioner was organized and operated can not be separated from or be determined without looking to the purposes for which the American Institute of Accountants was organized and operated, and from the facts we certainly can not determine that the petitioner was organized and operated exclusively for any purpose which was independent of the general purposes of the American Institute of Accountants. The purpose of the one is only clear when considered in connection with the other. One of the purposes in organizing and operating the petitioner was certainly to aid and carry out the program of the American Institute of Accountants.

The Supreme Court of the United States in a case similar to the present one said:

Two matters apparent on the face of the clause go far towards settling its meaning. First, it recognizes that a corporation may be organized and operated exclusively for religious, charitable, scientific or educational purposes, and yet have a net income. Next, it says nothing about the source of the income, but makes the destination the ultimate test of exemption. (*Trinidad* v. *Sagrada Orden de Predicadores*, 263 U. S. 578.)

In the present case we have seen that the destination of the petitioner's income is the American Institute of Accountants, and this is an additional reason why we must see what sort of an organization this latter is and what its purposes are in order to more clearly understand the real purpose of the petitioner. The latter contends that the American Institute of Accountants has been held exempt from taxation as a business league, but this would seem to lead nowhere. It does not claim that the Institute is exempt from taxation as a corporation organized and operated exclusively for scientific or educational purposes. In any event, in *George O. May*, 1 B. T. A. 1220, we held, upon evidence substantially the same as that submitted here in regard to the Institute, that it was not organized and operated exclusively for religious, charitable, scientific or educational purposes so that a contribution to it would be deductible under section 214 (a) (11) of the Revenue Act of 1918. In that case we so held for the reason that the Institute had been organized for purposes other than those named in the statute. The benefits from these purposes were to be enjoyed by a limited number and were not the sort which Congress intended should bring an exemption. Since the purposes of the petitioner can not be separated from those of the Institute, we hold that the petitioner was not organized and operated exclusively for scientific, literary or educational purposes within the meaning of section 231 (6) of the Revenue Act of 1921.

Webster's New International Dictionary, published in 1924 by G. & C. Merriam, gives as the latin derivative of "private," "*privatus* apart from the state * * * ." Some other definitions of the word given in this authority are: "Belonging to, or concerning, an individual person, company, or interest; * * *"; "Not public, not general, separate * * *"; "Not invested with, or engaged in, public office or employment; not public in character or nature * * *." In Bouvier's Law Dictionary, Rawles Third Revision, we find: "Private. Affecting or belonging to individuals as distinct from the public generally. Not clothed with office." Under the word "private" in Words and Phrases, First Series, the first paragraph is as follows:

Mr. Webster says that, in general, "public" expresses something common to mankind at large, to a nation, state, city, or town and is opposed to "private" which denotes that which belongs to an individual, to a family, to a company or corporation. *Chamberlin* v. *City of Burlington*, 19 Iowa 395, 402.

Under the heading "private corporation" in the same authority, the following two paragraphs appear among others:

Corporations are divided into public and private. A bank whose stock is owned by private persons is a "private corporation," although it is erected by the government, and its objects and operations partake of a public nature. The same doctrine may be applied to all insurance, canal, bridge, and turnpike companies. In all these cases the uses may, in a certain sense, be called public, but the corporations are private, as much so, indeed, as if the franchises were vested in a single person. *Dartmouth College* v. *Woodward*, 17 U. S. (4 Wheat.) 463; 508; 4 L. Ed. 629. See, also, *Putnam* v. *Ruch* (U. S.) 56 Fed. 416; *Burhop* v. *City of Milwaukee*, 21 Wis. 256, 259; *Bonaparte* v. *Camden & A. R. Co.* (U. S.) 3 Fed. Cas. 821. This reasoning applies in its full force to eleemosynary corporations. A hospital founded by a private benefactor is in point of law a private corporation, although dedicated by its charter to general charity. *Dartmouth College* v. *Woodward*, 17 U. S. (4 Wheat.) 463, 508, 4 L. Ed. 629.

Private corporations are corporations created for private, as distinguished from governmental, purposes, and they are not public in contemplation of the law because it may have been supposed by the Legislature that their establishment would either directly or consequently promote the public interest. *People* v. *McAdams*, 82 Ill. 356, 361; *Coyle* v. *McIntyre* (Del.) 30 Atl. 728, 730, 7 Houst. 44, 40 Am. St. Rep. 109; *Downing* v. *Indiana State Board of Agriculture*, 28 N. E. 123, 125, 129 Ind. 443, 12 L. R. A. 664.

Also, under the title "Private Property—Property of a private charity," there is the following paragraph:

The property of a private charitable corporation, though charged with the maintenance of a college or other public charity, is "private property" within the meaning and protection of that clause of the Constitution (art. 1, §19) declaring that private property shall ever be held inviolate. *State* v. *Neff*, 40 N. E. 720, 724, 52 Ohio St. 375, 28 L. R. A. 409.

The paragraph just quoted should be considered however, in the light of the decision in *Coyle* v. *Gray* (Del.), 30 Atl. 728, where the

court, in discussing the question if whether or not property held by a municipal corporation is private property or public property, stated that this class of property might justly be said to be private property in the sense that it is such property as is exempt from being taken or applied to any other public use by the state, or by authority of the state, without compensation being paid.

Counsel for the petitioner states in his brief that the American Institute of Accountants has been held by the Bureau of Internal Revenue to be exempt from taxation as a business league within section 231 (7) of the Revenue Act of 1921. The testimony in this regard was as follows:

Q. Does the American Institute of Accountants pay any income taxes or has it been held exempt?

Mr. Dortch: If you know. Do you know about it?

A. Well, I filed the certificates. I suppose that is enough. It has been held exempt.

It is obvious that this testimony does not justify a finding that the American Institute of Accountants is a business league or has been held by the Bureau of Internal Revenue to be exempt from taxation as a business league within the meaning of section 231 (7). Furthermore, even if the Institute were a business league, that fact would be unimportant here. In view of our holding in the *George O. May* case cited above, the petitioner is not in a position to successfully contend that the American Institute of Accountants holds its stock in the petitioner for such a part of the general public as to take it out of the class of private stockholders, i. e., even if a charitable or educational organization exempt under section 231 (6) might not be a private stockholder in a similar case, it does not follow that a business league would not be a private stockholder. A provision of the statute such as this, which is an exemption, must be strictly construed and the taxpayer must establish that it comes squarely within the provisions of the statute. *Waynesboro Manufacturers Association*, 1 B. T. A. 911; *Coronado Oil & Gas Co.*, 14 B. T. A. 1214. If there can be any doubt about the meaning of the words " private stockholder," then that doubt must be resolved against the taxpayer and in favor of the Government.

After considering the above authorities and others, we have come to the conclusion that Congress, in using the word " private " in section 231 (6), did so with the intent to distinguish between a private stockholder as opposed to a public stockholder or one who held in some official capacity for the public or some part thereof. The American Institute of Accountants in our opinion was a private stockholder of the petitioner and its stock holding was not public in character or nature.

*Judgment will be entered for the respondent.*