## NORTH RIVER BANK *vs.* STEWART.

### *In the matter of the Estate of* JAMES J. STEWART, *deceased.*

ON the distribution of the proceeds of the real estate of a deceased person, sold for the payment of his debts, claims having been interposed by separate and by partnership creditors,—*Held*, that the legal priority of the former would not be disturbed in equity.

In equity, partnership creditors will be decreed satisfaction of their debts as against the legal representatives of a deceased partner, where the firm and the surviving partner are insolvent.

This remedy does not, however, extend to cases where the estate of the deceased partner is insufficient to pay his separate debts.

By the English rule, where there is no joint estate and no surviving partner, the joint creditors are allowed to share rateably with the separate creditors in the separate assets; this exception, however, to the general doctrine, has not been recognized, and does not prevail in this State.

If, after the payment of the separate creditors, any surplus remain, it may be applied to the payment of partnership debts; but, in such case, those who have received partial payment out of the partnership assets. must bring in their dividends and share rateably with those who have not received dividends, or else be excluded until the latter class have received sufficient to place them on terms of equality with the former.

E. B. COWLES, *for joint Creditors.*

R. S. ROWLEY, *for separate Creditors.*

The exception claimed by Mr. Cowles to exist from the rule, that the individual debts must be first wholly paid, to

the exhaustion of the fund, has never been recognized in this country. ( *Vid. Burrill on Assignments, p.* 125, *et seq.*, and cases cited, 4 *Paige*, 23, 34; *Wakeman* vs. *Grover, S. C., in Ct. of Errors*, 11 *Wend.*, 187; *Jackson* vs. *Cornell*, 1 *Sandf. Ch.*, 348; approved by Kent, 3 *Comm.*, 65, *note b.*; *Kirby* vs. *Schoonmaker*, 3 *Barb. Ch.*, 46; *Van Rossum* vs. *Walker*, 11 *Barb. S. C.*, 237; *Nicholson* vs. *Leavitt*, 4 *Sandf. S. C.*, 252; *Va. Ct. of Appeals, McCullough* vs. *Sommerville*, 8 *Leigh*, 415; *U. S. Sup. Ct., Murrill* vs. *Neill*, 8 *Howard*, 414; *Pa., Andress* vs. *Miller*, 15 *Penn. S.*, [3 *Harris*,] 316.) The fact of insolvency, the very one insisted on as constituting the exception, occurs in all these cases.

R. Goodman, *for separate Creditors.*

Joint creditors, as they gave credit to the joint estate, have *first* their demand on the joint estate, and separate creditors, as they gave credit to the separate estate, have first their demand on the separate estate. (*Lord Hardwicke, in Twiss* vs. *Massey*, 1 *Atk.*, 67.)

It is settled, and is a resolution of convenience, that the joint creditors shall be first paid out of the partnership or joint estate, *and the separate creditors out of the separate estate of each partner.* (*Ex parte Cook*, 2 *P. Wms.*, 500; *same point*, 3 *Kent Com.*, 7 ed., 64, 65; *Murray* vs. *Murray*, 5 *John. C.*, 74; *Egberts* vs. *Wood*, 3 *Paige*, 527; *Wilder* vs. *Keeler*, 3 *id.*, 167; *Hutchinson* vs. *Smith*, 7 *id.*, 26; *Jackson* vs. *Cornell*, 1 *Sands. Ch.*, 348; *Bogert* vs. *Haight*, 9 *Paige*, 297; *Wakeman* vs. *Grover*, 11 *Wend.*, 187.)

There are three exceptions in England to the rule, that a joint creditor shall not receive dividends with the separate creditors; the second, which alone is applicable to this matter, is "where there is no joint estate, and no solvent partner." (*Ex parte Kensington*, 14 *Ves.*, 447.)

But this exception, together with the doctrine also advanced in England, (treating a partnership debt as joint and several,) that the partnership creditor may resort at once to

the estate of the deceased partner, making the surviving partner a party defendant to the action, without averring or proving the insolvency of the surviving partner, (*Devaynes* vs. *Noble*, 2 *Rus. & Myl.* 495; *Wilkinson* vs. *Henderson*, 1 *Myl. & K.*, 582,) has not only not been approved in New-York, and most of the courts of the United States, but has been expressly repudiated. (*Murray* vs. *Murray*, 5 *John. C. R.*, 74; *Wilder* vs. *Keeler*, 3 *Paige*, 167; *Trustees, &c.*, vs. *Lawrence*, 11 *id.*, 80; *Same Case, Ct. of Errors*, 2 *Denio*, 577; *Kirby* vs. *Schoonmaker*, 3 *Barb. Ch.*, 46; *Jackson* vs. *Cornell*, 1 *Sand. Ch.*, 348; *M'Culloh* vs. *Dashiell's Adm.*, 1 *Harris & Gill*, 96; *Morgan* vs. *His Creditors*, 20 *Martin's L.*, 599; *Hull* vs. *Wood*, 2 *McCord*, 302; *Cammack* vs. *Johnson*, 1 *Greene*, (*N. J.*,) 163; *Wardlaw* vs. *Gray, Dudley's Eq. Reps.*, 83, 113; *Murrill* vs. *Neil*, 8 *Howard S. C. R.*, 414.) On p. 427, the court says, (referring to the above exceptions and others,) "They do not, for aught we have seen, appear to have been recognized by the courts of this country." (*Kent's Com.*, *supra; Willard's Equity*, 719, 720.)

But, even in England, *if there is any joint estate, however small it may be,* then the joint creditor is excluded. (*Ex parte Leaf*, 1 *Deacon R.*, 176; *In re Lee & Armstrong*, 2 *Rose*, 54; *Ex parte Peake, id.* 455; *Ex parte Hill*, 2 *Bn. & Pul.*, 191, *n.*; *Ex parte Jansen*, 3 *Wendell*, 229.)

THE SURROGATE.—The testator was a member of the firm of J. J. Stewart & Co., and on the distribution of the proceeds of the sale of his real estate, a question arises as to the proper mode of marshalling the assets between the individual and the partnership creditors. On the decease of Stewart, his surviving partner settled the affairs of the firm, and distributed the assets among the partnership creditors, but the firm being insolvent, a large portion of the joint debts remained unpaid. The surviving partner being insolvent also, the only remedy remaining to the partnership creditors for the unpaid balances of their claims is against the estate of the

testator, Stewart. The question is, whether the partnership creditors can come in and share rateably with the separate creditors of Stewart, or must be postponed until the separate creditors be paid. It is well settled, both at law and in equity, that the separate creditors of a partner of a firm can reach only the interest of their debtor, or his proportion of the surplus of the joint property remaining after payment of all the partnership debts. (*In the matter of Smith*, 16 *J. R.*, 102 ; *Moody* vs. *Payne*, 2 *J. C. R.*, 548.) But, in regard to the claims of the partnership creditors, there is a distinction between the legal and the equitable rule. At law, the partnership creditors may pursue both the joint and the separate estate, for the satisfaction of their debts, which at law are considered both joint and several. On the death of one of the parties, the legal right ceases against the deceased partner, and survives only against the surviving partner. A court of equity, however, will decree to joint creditors satisfaction of their claims as against the representatives of the deceased partner, when, by reason of the insolvency of the firm and of the surviving partner, no other remedy exists. Thus far the rule seems plain ; but what are the rights of the joint creditors as against the separate creditors of the deceased partner, when the estate of the latter is insufficient to pay both classes of claims ? Have the individual creditors a prior right to the individual estate,—and are they entitled to be paid first, in preference to the joint creditors ? The legal claim of the joint creditors against the separate property of the deceased partner is terminated by his death, but a remedy will be afforded in equity, according to equitable principles. The general doctrine is very clearly established in this State, that the joint creditor will not be permitted to reach the individual estate of the deceased partner until all the separate creditors are satisfied. (*Murray* vs. *Murray*, 5 *J. C. R.*, 60 ; *Robbins* vs. *Cooper*, 6 *J. C. R.*, 86 ; *Wilder* vs. *Keeler*, 3 *Paige*, 168 ; *Egberts* vs. *Wood*, *id.*, 518, 527 ; *Payne* vs. *Matthews*, 6 *Paige, R.*, 20 ; *Jackson* vs. *Cornell*, 1 *Sandford*, 348 ; *Burtus* vs. *Tisdale*, 4 *Barb. S. C. R.*, 572.) The only exception to

this rule, according to the English decisions, is where there is no joint estate and no solvent surviving partner—in which case the joint creditors will not be postponed, but will be allowed to come in rateably with the individual creditors. (*Ex parte Hayden*, 1 *Bro. C. C.*, 453 ; *Ex parte Abell*, 4 *Ves.*, 837 ; *Ex parte Pinkerton*, 6 *Ves.*, 813, *note ; Ex parte Kensington*, 14 *Ves.*, 447 ; *Ex parte Kendall*, 17 *Ves.*, 521.) But this exception does not prevail if the joint estate, though insolvent, be able to pay a dividend, however inconsiderable. (*Gray* vs. *Chiswell*, 9 *Ves.*, 124 ; *M'Culloh* vs. *Dashiell's Adm.*, 1 *Harris & Gill*, 96 ; *Gow on Partn.*, 408.) If there be any joint-estate or fund, though of trifling amount, the joint debts are attached to that, and cannot receive dividends out of the separate estate, *pari passu* with the separate creditors. It is not easy to perceive the ground of distinction on which this modification of the exception is based. The general principle is, that the joint creditors are attached to the joint fund, and the separate creditors to the separate fund ; but where there is no joint fund and no solvent surviving partner, so that the joint creditor is without remedy, then he may come in against the separate estate. The English courts of equity thus recognize both as against the representatives of the deceased partner and his individual creditors, the joint and several character of the partnership debts, when other remedies are exhausted at the time of the death of the deceased partner. The fact that some dividend has been or may be received from the joint effects, does not change the joint and several character of the partnership debts, but only tends to affect the equitable marshalling of the separate assets. After the receipt of the dividend, there remains, as to the balance due, no remedy except against the separate estate, which, if there were no individual creditors, would be applied to the discharge of the balance. The principle upon which this rule is based, would seem to be satisfied if the joint creditors bring in the dividend received from the joint estate, place it in a common fund, out of which all are to share alike, and relinquish the advantage of having claims, joint as well as several,

in their nature. To say that the joint creditor may resort to the separate estate, when there is no joint fund and no solvent partner, but cannot resort to it if he has happened to realize one mill on the dollar, would appear to establish a distinction more technical than just. If the dividend be brought in, the ground of the distinction ceases, no priority or advantage is gained, and all the demands are placed on a common ground of equality.

In this State, however, the doctrine of the English courts of equity on this subject has not prevailed in regard to the exception to the general rule.

In *Wilder* vs. *Keeler*, (3 *Paige R.*, 167,) the Chancellor held, that although the joint creditors upon an allegation of the insolvency of the surviving partners, have an equitable right to compel a satisfaction of their debts out of the estate of the deceased partner, this equity exists only against the heirs and representatives of the decedent, but not against his separate creditors; that if the joint creditors have received nothing on account of their debts since the death of the decedent, the equities between the joint and separate creditors may be equal, but even in such a case the court has no power to deprive the separate creditors of their prior right to legal assets. The same principle was again asserted in *Eyberts* vs. *Wood*, 3 *Paige R.*, 517 ; in *Payne* vs. *Matthews*, 6 *Paige R.*, 20 ; and in *Kirby* vs. *Schoonmaker*, 3 *Barb. C. R.*, 46. The principle that equity will not interfere to destroy or impair the legal preference in regard to legal assets which appertains to the separate creditors at law, is sound, and it establishes such a basis of distinction as admits of a clear and consistent course of reasoning, and prevents any confusion. (See *Trustees, &c.*, vs. *Lawrence*, 11 *Paige R.*, 80 ; *Jackson* vs. *Cornell*, 1 *Sandford's C. R.*, 348.) Whether, therefore, the assets in the present case are to be held strictly as legal assets, or ought to be marshalled according to equitable principles, the joint creditors' cannot be permitted to have their debts paid out of the separate estate of the deceased partner until all the separate debts be paid. If, after such payment

be made, any surplus remain, then it may be applied to the payment of the partnership creditors, and, in that case, those who have received partial payment out of the partnership property, must bring in their dividends and share rateably with those who have not received dividends, or else be excluded until the latter class of partnership creditors have received a sufficient amount to place them on terms of equality with the former.