### No. 491.

A. L. SLACK, Administrator, *v.* JAMES S. RAY, Assessor and Collector.

Section 25 of the charter of the city of Monroe, confers full authority on the city to assess and collect taxes and to impose penalties for non-payment of taxes. The grant of full power to tax carries with it authority to use all means necessary to accomplish the object; and the imposition of penalties after due notice for non-payment of taxes, is a legitimate means of collecting revenue. The State can confer this power because there is no limitation in the constitution inhibiting it.

There is no force in the objection that section 25 of the charter of the city of Monroe is not covered by the title, and therefore repugnant to article 114 of the constitution and void. The title of the charter is "an act to incorporate the city of Monroe, to fix its boundaries, to provide for the government," etc. The statute would fail to provide for the government of the city of Monroe, if it failed to authorize the levy and collection of taxes for the support thereof.

APPEAL from the parish court, parish of Ouachita. *Baker, J. A. L. Slack, in propria persona,* plaintiff and appellee. *W. W. Farmer,* city attorney, for defendant and appellant.

WYLY, J. The plaintiff injoined the tax collector from selling certain property belonging to the succession represented by him for taxes due the city of Monroe for the year 1873, and also for the penalties for non-payment of said taxes.

The court dissolved the injunction as to the taxes, but maintained it in relation to the penalties.

From this judgment the defendant, the tax collector, has appealed.

That the State can collect taxes and impose penalties for non-payment thereof, after giving due notice, was recently decided by this court in several cases, especially in the case of Morrison *v.* Larkin, tax collector. Indeed, the proposition is not denied by the plaintiff.

It is denied, however, that this right has been conferred on the city

of Monroe by the State; and, therefore, the defendant has no authority to sell the property of the plaintiff.

Looking to the charter of Monroe we find section 25 which provides:

"That for the purpose of levying and collecting taxes and licenses, the Mayor and City Council are hereby invested with full power to pass all laws, not inconsistent with the Constitution of the United States or of this State, to compel the payment by compulsory process, of all taxes or licenses which may be due; and they are hereby authorized to confer on the assessor and collector power sufficient to carry into effect the laws and ordinances pertaining to the levying and collecting of such licenses and taxes." Acts 1871, p. 242.

We think this section confers full authority on the city of Monroe to assess and collect taxes, and to impose penalties for non-payment of taxes.

The grant of full power to tax, carries with it authority to use all means necessary to accomplish the object; and the imposition of penalties after due notice for non-payment of taxes, is a legitimate means of collecting revenue; and it is a means employed by the State in collecting its taxes.

The State can confer this power because there is no limitation in the constitution inhibiting it.

As the State can collect, in a summary manner, its taxes and the penalties for non-payment thereof after due notice, it can confer the same power on the political corporations which it employs in administering the government.

There is no force in the objection that section 25 of the charter of the city of Monroe is not covered by the title, and therefore repugnant to article 114 of the constitution and void.

The title of the charter is: "An act to incorporate the city of Monroe; to fix its boundaries; to provide for the government, and create a recorder's court for the same."

The statute would fail "to provide for the government" of the city of Monroe, if it failed to authorize the levy and collection of taxes for the support thereof. There are other objections, but they are without weight.

It is therefore ordered that the judgment appealed from be amended so as to dissolve entirely the injunction sued out by the plaintiffs, and as amended that it be affirmed, appellee paying costs of both courts.

Rehearing refused.