ASAHEL EURIGH

*v.*

THE PEOPLE *ex rel.* Henry B. Miller.

1. RETURN OF ASSESSMENT ROLLS — *of the time.* The failure of town assessors to make a return of their assessment rolls by the 1st of July, as required by section 90 of the Revenue Law, does not vitiate the assessment in cases arising since the enactment of sections 191 and 280 of the Revenue Law.

2. REVENUE—*duty and power of legislature.* It is made the duty of the General Assembly, by section 1 of article 9 of the constitution, to provide all such revenue as may be needful, by levying a tax, and that body, in the exercise of its sovereign power, may adopt any and all means for the

purpose, within the limitations contained in that article. Within such limitations as the constitution imposes, the General Assembly are the sole judges of the manner in which taxes shall be imposed and collected.

APPEAL from the County Court of Cook county; the Hon. M. R. M. WALLACE, Judge, presiding.

Messrs. HARRISON & WHITEHEAD, for the appellant.

Mr. JOHN M. ROUNTREE, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The only question urged in this case is. that the assessors of taxable property in Hyde Park and South Chicago failed to return their assessment rolls by the 1st day of July, 1874, as provided by section 90 of the Revenue Law. Had that section contained all of the legislation in reference to the return by the assessor. then there would, under numerous decisions of this court heretofore announced, have been force in the objection ; but sections 191 and 280 have abrogated the rules there announced, and rendered them of no effect in all cases arising since the enactment of these sections. These sections provide that a failure by that officer to make his return within the time required by law, shall not vitiate the assessment, but that it shall be as valid as if completed within the time required by law.

The 280th section was embodied in the act of the 10th of March, 1872, and was in full force when these assessments and returns were made, and we are at a loss, in view of this legislation, to know how any one could suppose that any court could hold the return defective, or that it could in any manner affect the tax. We must suppose that appellant's counsel can have no faith in the position. It does not even have the merit of the slightest plausibility, and is too plain a proposition to admit of discussion. It can not be made plainer, by any process of reasoning, than by simply reading the sections in connection with each other.

The position that no person can, under the constitution, be deprived of his life, liberty or property, except by due process of law, is novel when applied to the facts of this case; nor is the force of the position at all obvious. We wholly fail to see its pertinency. The constitution has not in the remotest manner provided for or alluded to such a return. On the contrary, the 1st section of article 9 of the constitution of 1870 has made it the duty of the General Assembly to provide all such revenue as may be needful, by levying a tax; and that body, in the exercise of its sovereign powers, may adopt any and all means for the purpose, within the limitations contained in that article; nor do we find any limitation on the subject of a return by the assessor, or the time it shall be made, or the length of time the tax-payer shall be allowed to examine his return. The taxing power of a State is absolute and uncontrolled, except so far as it is limited by constitutional provisions. Within such limitations, the General Assembly are the sole judges of the manner in which taxes shall be imposed and collected, and our constitution contains no limitation on the question under consideration. This objection can not be exalted to the dignity of a constitutional question.

There is no error in this record, and the appeal must have been taken for delay, and the judgment of the court below must be affirmed, with five per cent damages.

*Decree affirmed.*