## Case No. 7,021.

INDIANA ex rel. v. AMERICAN EXP. CO.

[7 Biss. 227.] [1]

Circuit Court, D. Indiana. June, 1876.

Claypool, Mitchell & Ketchum, for state of Indiana.

Baker, Hord & Hendricks, for American Exp. Co.

DRUMMOND, Circuit Judge. On the 8th of March, 1873, the legislature of Indiana passed an act amendatory of "An act to provide for the uniform assessment of property, and for the collection and return of taxes thereon; approved December 21, 1872."

By the sixth section of this act, it was made the duty of every corporation, whether foreign or domestic, engaged in the business of transporting or carrying passengers or freight on any railroads in the state, by virtue of any contract or agreement with the railroads, to make returns in the months of January and July in each year to the auditor of state of the gross amount of all receipts received in the state for the transportation of passengers or freight for the six months preceding, and it was required of the company that at the time the report

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

was made there should be paid into the treasury the sum of $1.00 on every $100 of receipts received for transporting freight.

There was a proviso attached to this section, which declares that when the amounts received by the corporation, whether received within or without the state, and when a part of such receipts were on account of fare or transportation over roads within the state, there should be included as a part of the report such proportion of the amount of the receipts as the distance traversed in the state bears to the whole distance paid for.

The seventh section of this amendatory act imposes the penalty of $100 per day for every day's delay in which there should be a failure after thirty days, to render an accurate account of the receipts as provided in the foregoing section.

It is for a violation of this sixth section of the amendatory act, and to enforce the penalty of the seventh section that this action is brought. The complaint sets forth the facts; that the defendant, the American Express Company, is a company chartered by the legislature of another state; that it transacts business in this state, and perhaps it is a fair inference from all the circumstances of the case that it is one of those foreign corporations which is authorized to transact business under the laws of this state within the limits of the state.

To the declaration, or complaint, the answer sets forth the facts connected with the mode in which the defendant transacts business; being a corporation of another state, it receives merchandise out of the state, transports it into the state, receives merchandise in the state and transports it out of the state; and also receives and delivers merchandise transported on railroads in the state; that by virtue of an arrangement with railroad companies it sends its own agents on the cars, a certain space being given to the agent for the accommodation of the packages of the express company; that it takes to the railroad cars and receives from them and delivers the packages with its own horses and wagons, and i* own servants and agents, and that all this business is so mingled together that it is impossible to separate what may be considered the receipts growing out of the one or the other; and that there is an amount charged for the whole of the business done, as well for the delivery of the goods on board of the cars as their delivery to the consignee. It is also insisted on the part of the defense that a large proportion of the receipts consists of money received out of the state for the transportation of merchandise and carried through the state to other states.

To these defenses there is a demurrer, and the demurrer, if there is a defect in the declaration, or if the suit cannot be maintained, can of course be carried back to the complaint. And I think that upon carrying the

demurrer back to the complaint the result is that the action cannot be maintained.

Without deciding whether the 6th section of the amendatory act referred to applies to an express company, but conceding that it does, which I am rather inclined to think is the fact—and without deciding whether the subject matter of the amendatory act is sufficiently set forth in the title as required by the constitution of the state, about which I think there may be great doubt, but conceding for the purpose of the argument that the act is valid in that respect, still I think that the penalty cannot be enforced; and for this reason:

The 6th section of the amendatory act, it will be observed, imposes certain duties upon all foreign or domestic corporations, and requires that they shall make returns of their gross receipts received in the state of Indiana, but there is to be included in and as constituting a part of the returns, all receipts, whether received within or without the state, and whether the goods are transported entirely through the state without being landed, or whether received from other states and delivered within the state, or received in the state and delivered in other states.

Now what is the law in case there is a failure to comply with the provisions contained in the 6th section? It is that if the party does not within thirty days render an accurate account of the receipts as herein provided; if there shall be a failure in any particular to render an account as required, there is a penalty to be enforced; so that it must appear, I think, that the state had the right to require everything to be done as specified in the sixth section before the penalty named in the seventh becomes operative. So that if it shall appear that the state has not the right in any one or more particulars to demand of this defendant the returns to be made as therein required, then the penalty is not enforceable.

I think the state has not that right. In the first place this is a foreign corporation; and conceding, as I am inclined to do, that the state would have the right to say to a foreign corporation doing business in this state under law that there should be levied and paid a tax upon its gross receipts received in the state whether for transportation of property or merchandise outside of the state or through the state; and conceding also that the rule laid down in 15 Wall. [82 U. S.] 284, in "The State Tax on Railway Gross Receipts," is applicable to a foreign corporation doing business within the state, still it is clear, I think, that it is not competent for a state to require of a foreign corporation the payment of a tax on gross receipts not received in the state. And it is certain that it is not competent for a state to impose a tax upon the receipts of a foreign corporation for the transportation of merchandise received out of the state and delivered out of the state and simply carried through the state. That is what this law requires, and it is an interference on the part of the state with that which solely belongs to congress; namely, it affects inter-state commerce, which the supreme court of the United States in the case in 15 Wallace, above cited, decided could not be done; and it is obvious that if it could be, it would be competent for a state to restrict in such measure as it seemed proper the transportation of merchandise which simply might pass through its territory. It would be therefore a tax upon inter-state commerce. This clearly cannot be done. This is what this statute attempts to do. The state says to the corporation that unless it will make this return, which under the constitution it is not required to do, the penalty shall be imposed. The answer is, I think, on the part of the corporation that a requisition is made which the state has no right to make, therefore it can protect itself under the constitutional prohibition against the right of a state to interfere with inter-state commerce.

For these reasons the demurrer must be carried back and sustained to the complaint.