STATE OF INDIANA *ex rel.* WOLF, Auditor, etc., *v.* PULLMAN PALACE CAR CO.*

*'Circuit Court, D. Indiana.*    March 8, 1883.)

1. STATE LEGISLATION—ACT UNCONSTITUTIONAL.
    Section 87 of the act of the legislature of Indiana of March 29, 1881, entitled "An act concerning taxation," imposing a certain proportionate tax according to distance traveled in Indiana on the gross receipts of foreign sleeping-car companies, conveying passengers to, from, and through Indiana, *held* unconstitutional, as being in conflict with article 1, § 8, of the constitution of the United States.

2. TAXING POWER OF STATES.
    While the taxing power of a state is unlimited over subjects within its jurisdiction, it cannot, however, be exercised on persons and property beyond its territory or jurisdiction.

3. INTERSTATE COMMERCE — REGULATION OF, VESTED EXCLUSIVELY IN CONGRESS AND PROHIBITED TO STATES.
    The transportation of freights and passengers from state to state is interstate commerce, and the regulation thereof by the states is forbidden by the federal constitution.    Such commerce, whether carried on by individuals or corporations, is under the exclusive jurisdiction of congress.    And while a state may exclude from its jurisdiction foreign corporations not engaged in interstate commerce, it cannot exclude a foreign corporation engaged in such commerce any more than it could exclude an individual so engaged.

At Law.

*D. P. Baldwin,* Atty. Gen., and *Ralph Hill,* for the State.

*O. A. Lochrane* and *Baker, Hord & Hendricks,* for defendant.

1. Under the allegations of the complaint the defendant is a foreign corporation engaged in the business of carrying passengers, and

*Reported by Chas. H. McCarer, Asst. U. S. Atty.

as to corporations of this character the state has no more power of control than it has over a natural person engaged in the same business. *Paul* v. *Virginia,* 8 Wall. 168; *Pensacola Telegraph Co.* v. *Western Union Tel. Co.* 96 U. S. 1; *Liverpool Ins. Co.* v. *Mass.* 10 Wall. 566–573; *Ducat* v. *Chicago,* Id. 410; Rorer, Interstate Law, 288.

2. This being a suit for a penalty founded on a statute, the statute must be strictly construed, and if the section in question requires anything to be done by the defendant that is beyond the power of Indiana to command, and if the failure to do the thing which the state had no power to command is an ingredient in the offense for which the penalty sued for is imposed, then the entire section must fall. In other words, where the legislature attempts to require two things, one of which is within and the other beyond its constitutional power, and a joint or entire penalty is provided for the failure to perform both requirements, the penalty can not be collected, because the offense does not consist in the non-performance only of the thing which the legislature had the right to require, but is coupled with the non-performance of an act over which the legislature had no control. *U. S.* v. *Reese,* 92 U. S. 214; *State* v. *Amer. Exp. Co.* 7 Biss. 227.

3. Passenger transportation falls within the range of the commercial power of the United States. *Passenger Cases,* 7 How. 283, 401; *Crandall* v. *Nevada,* 6 Wall. 35; *Case of the State Freight Tax,* 15 Wall. 232, 280, 281; *Railroad Co.* v. *Maryland,* 21 Wall. 456–472; *Erie Ry. Co.* v. *New Jersey,* 31 N. J. Law, 531; *Henderson* v. *Mayor of New York,* 92 U. S. 259.

4. Where the subjects of the commercial power of the United States government are national in their character or admit of a uniform system or regulation, there the commercial clause of the constitution is self-executing, and no legislation by congress is necessary to prevent interference by state legislation. *Cooley* v. *Board of Wardens,* 12 How. 299; *Gilman* v. *Philadelphia,* 3 Wall. 713; *Baltimore, etc., R. Co.* v. *Maryland,* 21 Wall. 456; *Welton* v. *Missouri,* 91 U. S. 275; *Henderson* v. *Mayor of New York,* 92 U. S. 259, 272; *Hall* v. *De Cuir,* 95 U. S. 485; *Railroad Co.* v. *Husen,* 95 U. S. 465; *County of Mobile* v. *Kemball,* 102 U. S. 691; *Webber* v. *Virginia,* 103 U. S. 344–351; *Western Union Telegraph Co.* v. *State of Texas,* 105 U. S. 460; *State* v. *American Express Co.* 7 Biss. 227; *Erie Ry. Co.* v. *State,* 31 N. J. Law, 531; *Carton* v. *Illinois Cent. R. Co.* 14 Reporter, 518.

5. The section of the statute is null and void, because it is an attempt to give the section an extraterritorial operation, by requiring

sleeping-car companies incorporated in other states than Indiana to report to the auditor of state of Indiana their *receipts received in such other states* for business done in *such other states*, although such receipts were never within the territorial limits of the state of Indiana. Rorer, Interstate Law, 10, and cases cited in note 5 on same page; Story, Confl. Laws, § 20.

It is not competent for a state to require a foreign corporation to report for taxation or to tax gross receipts not received within such state, and it is a rudimentary principle that state laws can have no extraterritorial force. *Railroad Co.* v. *Pennsylvania,* 15 Wall. 300; *Railroad Co.* v. *Jackson,* 7 Wall. 262; *St. Louis* v. *The Ferry Co.* 11 Wall. 423; *Delaware Tax Case,* 18 Wall. 229; *State* v. *Amer. Exp. Co.* 7 Biss. 230; *Foresman* v. *Byrns,* 68 Ind. 247; *Herron* v. *Keeran,* 59 Ind. 472; *City of Evansville* v. *Hall,* 14 Ind. 27; *People* v. *Eastman,* 25 Cal. 603; *Davenport* v. *Miss. & M. R. Co.* 12 Iowa, 539; *Oliver* v. *Washington Mills,* 11 Allen, 268; Rorer, Interstate Law, 275.

The case of *State Tax on Gross Receipts,* 15 Wall. 284, presented the question as to the validity of a Pennsylvania statute in its operation upon a Pennsylvania and not a foreign corporation, and was sustained upon two grounds: (1) The tax was upon the fruits of commerce after those fruits had been garnered into the treasury of the railway company, and not a tax upon the commerce which produced those fruits; (2) that the tax was upon the franchise of the corporation. The "fruits" in this case are in the treasury of the defendant in another state, and are, therefore, not within the reach of the taxing power of Indiana, and the corporation was created by another state, so that the state of Indiana is not in a position to tax its franchises.

6. It should be stated, by way of application of the foregoing principles, that the section attempting to impose the penalty sued for requires the defendant, an Illinois corporation, to report to the auditor of state of the state of Indiana, as a basis of taxation, all its gross receipts received in other states in all cases where any part of such receipts includes pay for sleeping-car accommodations in passing through Indiana, or any part thereof. This is manifest from the declaration contained in the section that, "in computing such gross receipts, the same shall be in the proportion that the distance traversed in this state bears to the whole distance paid for."

Suppose a sleeping-car ticket is purchased and paid for at the city of New York, by way of Indianapolis, to the city of San Francisco. In such case the section contemplates that the company shall apportion the entire price of the ticket in the proportion that the

number of miles traveled by the passenger in Indiana bears to the whole number of miles from New York to San Francisco. In the case supposed, and, indeed, in all other cases, there can be no taxation without such a report, for the taxation is based on the report, and can, under the section, have no other basis. It follows that if Indiana cannot require such a report to be made to its auditor of state, it cannot impose the tax, and of course cannot recover a penalty for not making the report or for not paying the tax, or for refusing to do both. The penalty provided for is *for not making the report and for not paying the tax.* As, in the case supposed, the money paid for the ticket was paid in New York, the business of selling the ticket and receiving the money was not, of course, transacted in Indiana, and therefore, being business done in New York, Indiana could not require such business to be reported to her auditor, and could not tax such business or the proceeds thereof. Indiana could not tax the business or require a report thereof, because it was not transacted in Indiana but in New York. Indiana could not tax the money arising from the business, because it was received in New York and was never in Indiana. From this it appears that sleeping-car companies are required to report to Indiana, as a basis of taxation, their receipts for tickets sold without the state, simply because the coach in which the holder of the ticket is to be carried must, in passing from New York to San Francisco, run through Indiana; and the tax is levied upon a part of the receipts thus reported in the proportion designated by the section. What is this if it be not a tax on the passenger for the privilege of being carried through Indiana? or a tax on the company for the privilege of allowing the passenger to be carried through Indiana in its coach?

If the statute in question only required a report of money received in Indiana for tickets sold therein, a different question would be presented. But here the provision is for reporting all the gross receipts of the company, no matter where received, provided the journey for which they are received lies through Indiana. There is no provision for separating and separately reporting the receipts in Indiana from those received elsewhere, but the requirement is to report all the gross receipts, wherever received, and to pay taxes thereon in the proportion named in the section, in all cases, where such receipts are for a ticket involving a journey through Indiana. The penalty sought to be recovered is for not reporting and not paying taxes on gross receipts received without the state as well as within the state; and, being an entire and indivisible penalty for not doing things

which the state had no right to require, the legislation must fall; although it may include the doing of things which the state might have required if they had been unblended with requirements beyond its power.

Again, if Indiana may require such a report and impose such a tax, and exact penalties for failing to make the one and pay the other, every other state may do the like, and thereby interstate commerce, so far as passengers in sleeping cars are concerned, be destroyed.

GRESHAM, J. The legislature of Indiana, on the twenty-ninth day of March, 1881, passed an act entitled "An act concerning taxation," the eighty-seventh section of which reads as follows:

"Every joint-stock association, company, or corporation, incorporated under the laws of any other state, and conveying to, from, and through this state, or any part thereof, passengers and travelers in palace cars, drawing-room cars, sleeping cars, or chair cars, on contract with any railroad company, or the managers, lessee, agent, or receiver thereof, shall be held and deemed to be a sleeping-car company; and every such sleeping-car company doing business in this state shall annually, between the first day of April and the first day of June, report to the auditor of state, under the oath of an officer or agent of such corporation, the gross amount of all their receipts, within or without the state, for fares earned or business done by such company within this state for the year then next preceding the first day of April of the current year; and in computing such gross receipts the same shall be in the proportion that the distance traversed in this state bears to the whole distance paid for. At the time of making such report, such company shall pay into the treasury of the state the sum of $2 on every $100 of such receipts. And every sleeping-car company failing or refusing for more than 30 days after the first day of June to render an accurate account of such gross receipts, as above provided, and pay the required tax thereon, shall forfeit $25 for each additional day such report and payment shall be delayed, to be recovered in an action in the name of the state of Indiana, on the relation of the auditor of state, in any court of competent jurisdiction, and the attorney general shall conduct such prosecution; and such sleeping-car companies so failing or refusing shall be prohibited from carrying on such business until such payment is made; and all railroad companies in this state, or the persons managing or operating the same, are prohibited from hauling any cars of any sleeping-car company while so in default; and for each violation of this prohibition shall be liable to pay to the state of Indiana the sum of $100, to be recovered in the proper action by the state."

The *first* paragraph of the complaint avers that the defendant, the Pullman Palace-car Company, is a joint-stock company, organized under the laws of Illinois; that it now is and for a long time has been engaged in the business of carrying to, from, and through the state of Indiana passengers and travelers in palace cars, drawing-

room cars, sleeping cars, and chair cars; that it failed and refused to report to the auditor of state, as required by law, the gross amount of all its receipts within and without the state, for fares earned or business done by it within the state for the year preceding the first day of April, 1881, computing such gross receipts as required by the above-quoted section, and failed and refused to pay into the treasury of the state $2 upon every $100 of such gross receipts, which, from the twenty-ninth day of March, 1881, to the twenty-ninth day of May, 1882, amounted to $200,000. It is further averred that, by failing to make the report and pay the taxes due to the state under the statute, the defendant has incurred penalties amounting to $75,000, for which sum judgment is demanded.

The *second* paragraph avers that for the year ending the thirty-first day of March, 1881, the defendant, while engaged in the business described in the first paragraph, earned and collected for carrying passengers, in Indiana alone, the sum of $156,931.18, and for the year ending the thirty-first day of March, 1882, the further sum of $160,926.52, and that these sums were received within and without the state. Judgment is demanded in this paragraph for a tax of $2 on each $100 of such gross receipts for these two years.

The right of a state to tax property within its territory or jurisdiction, and protected by its laws, cannot be questioned so long as no provision of the federal constitution is violated. This right of taxing for revenue may be exercised in any mode or form that the state sees fit to adopt. Corporations may be taxed by the state whose creatures they are. They may be taxed on their stock, their franchises, their gross receipts, or their net receipts, and they may be taxed upon their receipts as part of their common property or funds in their treasuries, although such receipts have been derived from the business of commerce between the states. But, while the taxing power of the state is thus unlimited over subjects within its jurisdiction, it is, nevertheless, true that this power cannot be exercised on persons and property beyond the state's territory or jurisdiction. The laws of a state can have no extraterritorial effect. *State Tax on Foreign-held Bonds,* 15 Wall. 300.

The defendant is an Illinois joint-stock company, engaged in the business of transporting passengers through the states. Indiana claims the right to tax the gross receipts of this company in its treasury in Illinois, which were earned within this state. Part of these receipts, and no doubt the greater part, were not even collected in Indiana. The mere fact that the money was earned in doing busi-

ness in Indiana gives the latter state no right to tax it in the treasury of the defendant in Illinois. The taxes and penalties sued for are unauthorized for another reason. The federal constitution gives to congress the "power to regulate commerce with foreign nations and among the several states." This provision was intended to secure the absolute freedom of interstate commerce and communication from all state restrictions, exactions, and burdens. By it a state is forbidden to impose any tax upon freight or passengers *in transitu* from state to state, or upon the carrier, for the right or privilege of engaging in such business. The transportation of merchandise and passengers from state to state is interstate commerce, and the thing which the states are forbidden is the regulation of commerce. It is idle to say that the right to carry passengers from state to state is secured by the commercial clause of the federal constitution from state exactions, if a state may declare by its legislature that this right shall not be exercised within its limits unless its consent is first had and paid for. Indiana, by its statute, exacts the tax of foreign companies only, and they are prohibited from carrying on their business within the state if they fail or refuse to pay the tax. Why this discrimination against foreign companies, unless it was intended that they should pay for the privilege of transporting passengers through the state?

A state can regulate its internal commerce as it pleases, but no state can exclude from its limits corporations of other states, as carriers of passengers from state to state, nor can any state charge corporations, whether organized by its own laws or the laws of other states, for the privilege of engaging in commerce within its limits. If Indiana may exact 2 per cent. of the gross earnings of corporations organized under the laws of other states as a condition upon which they will be permitted to pass over its territory as carriers of passengers, of course it may exact more, and other states may make similar exactions. The right asserted in this case amounts to a restraint or regulation of commerce between the states, and its enforcement would render the protection of the federal constitution unreal. If the tax is sustained, it is plain that it will ultimately fall upon the passengers, and become a tax upon them for the privilege of crossing the state. By a statute of Nevada it was declared that a capitation tax of one dollar should be levied upon every person leaving the state by railroad, stage-coach, or other vehicle employed in transporting passengers for hire; and the persons then engaged in the transportation of them were required to make monthly

reports of the number of passengers carried, and to pay the tax. It was held that this was a tax upon the privilege of being carried out of the state; that a state cannot tax persons passing through or out of it; and that interstate transportation of passengers is beyond the reach of state legislation. *Crandall* v. *State of Nevada*, 6 Wall. 35.

Commerce between the states, whether carried on by individuals or corporations, is under the regulation of congress. A state may exclude from its jurisdiction corporations of other states not engaged in interstate commerce. The right of exclusion cannot be exercised against corporations of other states thus engaged, any more than against individuals. *Paul* v. *Virginia*, 8 Wall. 168.

The state of Pennsylvania, by a statute, taxed the gross receipts of railroads, canal, and transportation companies, incorporated under the laws of that state, and the supreme court of the United States held that this might be done, on the ground that the states have authority to tax the estate, real and personal, of all corporations of their own creation, including carrying companies, precisely as they may tax similar property when belonging to natural persons, and on the further ground that the receipts when taxed had become part of the general property of the corporation, and were in its treasury within the state. *State Tax on Railway Gross Receipts*, 15 Wall. 284. This case is not authority for the plaintiff in the case at bar. An ordinance of the city of Mobile required that every express company or railroad company doing business in that city, and having a business extending beyond that state, should pay an annual license of $500; that every such company doing a business not extending beyond the state, but beyond the city limits, should pay an annual license of $100; and that every such company doing business exclusively within the city should pay an annual license of $50. The penalty prescribed for violating this ordinance was a fine of $50 for each day's non-compliance.

A Georgia corporation established a local office in the city of Mobile, where, by its local agent, it did a general forwarding and commission business, extending beyond the state of Alabama. The agent was fined for conducting the business of the agency without having paid the license of $500. The case was finally taken to the supreme court of the United States on a writ of error, where, in *Osborne* v. *Mobile*, 16 Wall. 479, the validity of the ordinance was sustained. The tax in this case took the form of a license fee for maintaining an agency or local place of business in Mobile, while the tax claimed by Indiana under section 87 of the state tax act is not a license for es-

tablishing and maintaining an agency or local place of business in the state, or a tax upon property of the defendant having a *situs* in the state, but, as already seen, it is a tax upon money in the defendant's treasury in Illinois, because it was earned in transporting passengers across Indiana. This is an effort to give a statute of Indiana extra-territorial force, and to regulate commerce between the states, for both of which reasons section 87 is inoperative and void. See, also, *Indiana* v. *Amer. Exp. Co.* 7 Biss. 227. Demurrer sustained.

---

STATE POWER OF TAXATION. The power of taxation is an incident of sovereignty, and is co-extensive with that of which it is incident;(a) an essential attribute of sovereignty.(b) The power to tax its citizens or subjects in some form is an attribute of every government residing in it, as a part of itself, and inseparable from it,(c) and essential to its existence;(d) and hence it follows that a power to tax may be exercised at the same time upon the same objects of private property by the state and by the United States without inconsistency or repugnancy.(e) It belongs to the state in its sovereign capacity.(f) The sovereign right to lay and collect taxes grows out of the paramount necessities of government; an urgent necessity which admits no property in the citizen while it remains unsatisfied.(g) The power is inherent in every sovereignty, and even a government *de facto* may levy and collect taxes; but when succeeded by a government *de jure* the taxes already assessed will not be enforced, and those who have already paid have no remedy.(h) It is inherent in every sovereignty, and there can be no presumption in favor of its relinquishment, surrender, or abandonment.(i) It is inherent in the American governments, state and federal, with written constitutions in which powers are treated and defined, and duties imposed and distributed among the several departments in their various functions.(j)

POWER LODGED IN LEGISLATIVE DEPARTMENT. To discharge the charges incident to the proper exercise of the powers of government, and the performance of the duties prescribed in the state constitution, the power of taxation is assigned to the legislative department.(k) It is in the legislative department alone.(l) It is essentially legislative, and cannot be exercised otherwise

(a) Dobbins v. Com'rs of Erie Co. 16 Pet. 435; Crawford v. Burrell, 53 Pa. St. 219. See note to Railroad Tax Cases, 13 Fed. Rep. 785.

(b) Ex parte Robinson, 12 Nev. 263; Transp. Co. v. Wheeling, 99 U. S. 281; Providence Bank v. Billings, 4 Pet. 514; McCulloch v. Maryland, 4 Wheat. 316.

(c) Transp. Co. v. Wheeling, 99 U. S. 281; St. Louis v. Ferry Co. 11 Wall. 429; McCulloch v. Maryland, 4 Wheat. 316; Providence Bank v. Billings, 4 Pet. 514; Waterhouse v. Public Schools, 9 Baxt. 398; Marr v. Enloe, 1 Yerg. 452; Keesee v. Dist. Board, 6 Cold. 127.

(d) Providence Bank v. Billings, 4 Pet. 514; Taylor v. Chandler, 9 Heisk. 353; King v. Portland, 2 Or. 154; People v. Soldiers' Home, 95 Ill. 564; Tucker v. Ferguson, 22 Wall. 375; N. W.

University v. People, 80 Ill. 335; Weston v Shawano Co. 44 Wis. 256; Jones Manuf'g Co. v. Com. 69 Pa. St. 137.

(e) Transp. Co. v. Wheeling, 99 U. S. 281.

(f) Waterhouse v. Public Schools, 9 Baxt. 398.

(g) Parham v. Justices of Decatur, 9 Ga. 352.

(h) O'Byrne v. Savannah, 41 Ga. 331.

(i) Bangor v. Masonic Lodge, 73 Me. 433; Weston v. Shawano Co. 44 Wis. 256; Jones Manuf'g Co. v. Com. 69 Pa. St. 137; Glasgow v. Rowse, 43 Mo. 489; Providence Bank v. Billings, 4 Pet. 514.

(j) Taylor v. Chandler, 9 Heisk. 349.

(k) Id.

(l) People v. Morgan, 90 Ill. 558; Waterhouse v. Public Schools, 9 Baxt. 398; Eurigh v. People, 79 Ill. 214; Turner v. Althaus, 6 Neb. 54.

than under the authority of the legislature.(*m*)   It is exclusively within its province to apportion and direct the assessment and collection of taxes;(*n*) but it may delegate this power to municipal corporations.(*o*)   The right to delegate this authority must be found in the constitution itself or it does not exist;(*p*) and within the restriction that property of all persons belonging to the same class shall be assessed, the grant of full power to tax carries with it authority to use all means necessary to accomplish the object.(*q*)   The power of the legislature in respect to local taxation is, in some states, subject to the limitation that local burdens cannot be imposed without the consent of the tax-payers.(*r*)

EXTENT OF TAXING POWER OF STATE.   The power of the state as to mode, form, and extent of taxation is unlimited where the subjects to which it applies are within its territorial jurisdiction.(*s*)   Where there has been no compact with the federal government, or cession of jurisdiction for purposes specified in the constitution, this power reaches all the property and business within the state;(*t*) it operates on all persons and property belonging to the body politic,(*u*) aliens as well as citizens,(*v*) and reaches the interests of every member of the community.(*w*)   The right of the legislature is co-extensive with the incident, in the exercise of its sovereignty.(*x*)   The power is absolute and uncontrolled, except so far as it is limited by constitutional provisions;(*y*) and the legislature is empowered to do whatever is not expressly or by necessary implication forbidden by the constitution.(*z*)   The sovereignty of the state extends to everything which exists by its own authority or is introduced by its permission, but not to those means which are employed to carry into execution powers conferred on the general government by the people of the United States.(*a*)   The power reaches all the property in the state which is not properly regarded as the instruments and means of the federal govern-

(*m*) Meriwether v. Garrett, 102 U. S. 472; State Railroad Tax Cases, 92 U. S. 615; Hine v. Levee Com'rs, 19 Wall. 660; Board of Educ'n v. McLandsborough, 36 Ohio St. 232; Lima v. McBride, 34 Ohio St. 338; Luehrman v. Taxing District, 2 Lea, 443; Keesee v. Civ. Dist. Board, 6 Cold. 127; Waterhouse v. Board, etc., 8 Heisk. 857.

(*n*) Turner v. Althaus, 6 Neb. 54; Luehrman v. Taxing Dist. 2 Lea, 444; Lipscomb v. Dean, Lea, 550.

(*o*) U. S. v. New Orleans, 98 U. S. 381.

(*p*) Luehrman v. Taxing Dist. 2 Lea, 444; Lipscomb v. Dean, 1 Lea, 550; Waterhouse v. Public Schools, 9 Baxt. 398.

(*q*) State v. Consol V. M. Co. 16 Nev. 445; Slack v. Ray, 26 La. Ann. 675.

(*r*) Updike v. Wright, 81 Ill. 49; Board v. Houston, 71 Ill. 318; Harward v. St. Claire, etc., Drainage Co. 51 Ill. 130; South Park Com'rs v. Solomon, 51 Ill. 37; Gage v. Graham, 57 Ill. 144; Hassler v. Drainage Com'rs, 53 Ill. 105.

(*s*) State Tax on Foreign-held Bonds, 15 Wall. 319; McCulloch v. Maryland, 4 Wheat. 428; St. Louis v. Ferry Co. 11 Wall. 429; Railroad Tax Cases, 13 Fed. Rep. 731; Catlin v. Hall, 21 Vt. 161; Blue Jacket v. Johnson Co. 3 Kans. 299; Hagar v. Supervisors, 47 Cal. 222; Coite v. Soc. for Savings, 32 Conn. 173.

(*t*) Duer v. Small, 17 How. Pr. 201; Nathan v. Louisiana, 8 How. 82; Providence Bank v. Billings, 4 Pet. 514; McCulloch v. Maryland, 4 Wheat. 316.

(*u*) Providence Bank v. Billings, 4 Pet. 564; Taylor v. Chandler, 9 Heisk. 358; Providence Bank v. Billings, 4 Pet. 563.

(*v*) Fratz's Appeal, 52 Pa. St. 367

(*w*) N. W. University v. People, 80 Ill. 335; Tucker v. Ferguson, 22 Wall. 575; People v. Soldiers' Home, 95 Ill. 564.

(*x*) Dobbins v. Com'rs of Erie Co. 16 Pet. 435.

(*y*) Gibson v. Mason, 5 Nev. 289; Raguet v. Wade, 4 Ohio, 107; Sears v. Warren, 36 Ind. 267; Harrison v. Mayor, 3 Smedes & M. 581; New York v. Miln, 11 Pet. 138; License Cases, 5 How. 625; Passenger Cases, 7 How. 531; Woodruff v. Parham, 8 Wall. 137; Ward v. Maryland, 12 Wall. 428.

(*z*) Fairfield v. People, 94 Ill. 256; Eurigh v. People, 79 Ill. 214; State v. Lancaster Co. 4 Neb. 537.

(*a*) Luehrman v. Taxing Dist. 2 Lea, 433; Memphis v. Memphis W. W. 5 Heisk. 529; Hope v. Deaderick, 8 Hun, 9; Bell v. Bank of Nashville, Peck, 269; Knoxville & O. R Co. v. Hicks, 1 Tenn. Leg. Rep. 338; Pollard v. State, 65 Ala. 631.

ment;(*b*) but states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control the operation of the constitutional law vested in the general government.(*c*)

POWERS TO BE EXERCISED IN DISCRETION. Powers are to be exercised in discretion,(*d*) and the question of power does not depend upon the degree of its exercise.(*e*) The legislature, apart from constitutional restriction, may levy taxes and devise ways of apportionment in such manner and to any extent it may deem advisable,(*f*) to the utmost to which the government may choose to carry it,(*g*) and involves even the power to destroy.(*h*) The legislature, in the exercise of its sovereign power, may adopt any and all means for the purpose of providing revenue within the limitation contained in the constitution, and within such limits it is the sole judge of the manner in which taxes shall be imposed and collected;(*i*) and its power extends even retrospectively to all matters not penal, not in violation of the obligation of contracts, and not forbidden by the constitution; and it can act directly on individual rights, although remote and indirect.(*j*) The power to "assess and collect taxes" implies the power to enforce their collection by execution.(*k*) It may decide what persons and property shall be reached by the exercise of this function, and by what processes and instrumentalities taxes shall be assessed and collected,(*l*) and may classify the subjects of taxation,(*m*) and prescribe not only the property to be taxed, but the rule by which it must be taxed; and the only limitation is that the rule shall be uniform.(*n*) The power to prescribe what property shall be taxed, necessarily implies the power to prescribe what property shall be exempt.(*o*) The mode and agencies may be different for different classes of property;(*p*) and where there is no express contract to the contrary, the right to change the methods or extent of taxation must always exist;(*q*) so the legislature may change the mode of assessing a corporation.(*r*)

SECURITY AGAINST ABUSE OF POWER. The existence of a power should not be denied merely because it may be abused in its exercise, nor should it be presumed that abuses take place.(*s*) It would be illogical to argue from an extreme case or from the abuse of a power, to a negation of it.(*t*) The only

(*b*) Weston v. Charleston, 2 Pet. 467; Andrews v. Auditor, 28 Grat. 123; Transp. Co. v. Wheeling, 99 U. S 279; Savings Soc. v. Coite, 6 Wall. 604; Providence Bank v. Billings, 4 Pet. 563; McCulloch v. Maryland, 4 Wheat. 429.

(*c*) Transp. Co. v. Wheeling, 99 U. S. 279; Nathan v. Louisiana, 8 How. 73; Brown v. Maryland, 12 Wheat. 419; Weston v. Charleston, 2 Pet. 449; McCulloch v. Maryland, 4 Wheat. 429; Savings Bank v. Coite, 6 Wall. 604; State Tonnage Tax Cases, 12 Wall. 204.

(*d*) Martin v. Hunter, 1 Wheat. 326.

(*e*) Brown v. Maryland, 12 Wheat. 419; Martin v. Hunter, 1 Wheat. 326; Metropolitan Bank v. Van Dyck, 27 N. Y. 400.

(*f*) King v. Portland, 2 Or. 154; People v. Mayor of Brooklyn, 4 N. Y. 420.

(*g*) Taylor v. Chandler, 9 Heisk. 358; Nathan v. Louisiana, 3 How. 82; McCulloch v. Maryland, 4 Wheat. 431.

(*h*) Wisconsin Cent. R. Co. v. Taylor Co. 52 Wis. 51.

(*i*) Eurigh v. People, 79 Ill. 214.

(*j*) Weister v. Hade, 2 P. F. Smith, 474.

(*k*) State v. Columbia, 6 Rich. (N. S.) 1.

(*l*) St. Louis v. Ferry Co. 11 Wall. 429.

(*m*) Kitty Roup's Case, 81* Pa. St. 216; Zimmerman v. Turnpike Co. ld. 96, which decide that the rule was not taken away by the new constitution.

(*n*) Wisconsin Cent. R. Co. v. Taylor Co. 52 Wis. 37.

(*o*) Id.

(*p*) Wagoner v. Loomis, 37 Ohio St. 571.

(*q*) Detroit v. Detroit. etc., Co. 43 Mich. 140.

(*r*) Bank v. Hamilton, 21 Ill. 53; Detroit v. Detroit, etc., Co. 43 Mich. 140.

(*s*) Kneedler v. Lane, 45 Pa. St. 238; Metropolitan Bank v. Van Dyck, 27 N. Y. 400.

(*t*) Turner v. Althaus, 6 Neb. 76; Kerby v. Shaw, 19 Pa. St. 261.

security against the abuse of this power is found in the structure of the government itself, and in the responsibility of the members of the legislature to their constituents.(u)   The interest, wisdom, and justice of the representative body and its relations with its constituents furnish the only security, where there is no express contract, against unjust and excessive taxation, as well as against unwise legislation generally;(v) and when within constitutional limits, there is no restraint upon the exercise of this power, except that found in the responsibility of the members of the legislature to their constituents.(w) This is in general sufficient security against oppressive legislation.(x)   If the legislature keeps within its proper sphere and does not impose burdens under the name of legislation which are not taxation in fact, its decisions as to what is proper, just, and politic, both in respect to the subjects of taxation and the kind and amount of taxes, must be final and conclusive.(y)

INTERSTATE COMMERCE.   The power to regulate commerce, foreign and interstate, cannot be trammeled by state legislation;(z) and state statutes imposing obstacles or burdens on interstate commerce are in conflict with the constitution of the United States, and void.(a)   The power of congress to regulate commerce does not, however, affect internal regulations made by the state, unless they conflict with some act of congress;(b) the power to regulate commerce being concurrent in the national and state governments,(c) and being exclusive in congress only where the regulation requires a uniform rule.(d)   The state may properly exercise all powers not forbidden by the constitution of the state, or not delegated to the general government nor prohibited by the constitution of the United States.(e)

TRANSPORTATION OF PASSENGERS.   The several states have not the power to impose a tax on interstate travel,(f) or travel on railroads through the several states, or between the states,(g) and taxes on passenger carriers of a specific amount are taxes on passengers.(h)   An act of the legislature imposing on every person, corporation, association, or company engaged in carrying passengers by steam-power a state tax of 10 cents for every person transported, so far as it operates upon persons entering into, leaving the state, or passing through it, is a regulation of commerce.(i)   A statute declaring the

(u) Nathan v. Louisiana, 8 How. 82; McCulloch v. Maryland, 4 Wheat. 434; Johnston v. Macomb, 2 Ga. 652.

(v) McCulloch v. Maryland, 4 Wheat. 316; Osborn v. U. S. Bank, 9 Wheat. 738; Providence Bank v. Billings, 4 Pet. 561.

(w) Railroad Tax Cases, 13 Fed. Rep. 72ł, and note, p. 785; Ex parte Robinson, 12 Nev. 275.

(x) McCulloch v. Maryland, 4 Wheat. 434.

(y) Turner v. Althaus, 6 Neb. 71; Providence Bank v. Billings, 4 Pet. 561; Shaw v. Denis, 10 Ill. 418; Wynehamer v. People, 13 N. Y. 404; Kirby v. Shaw, 49 Pa. St. 261.

(z) Railroad Tax Cases, 13 Fed. Rep. 732; Brown v. Maryland, 12 Wheat. 434; Welton v. State, 100 U. S. 275; Webber v. Virginia, 103 U. S. 344.

(a) Hall v. De Cuir, 95 U. S. 488; Welton v. State, 91 U. S. 282; Council Bluffs v. Kansas, etc., R. Co. 45 Iowa, 338.

(b) Kellogg v. Union Co. 12 Conn. 23.

(c) Cooley v. Port-wardens, 12 How. 319; People v. Coleman, 4 Cal. 46.

(d) Cooley v. Port-wardens, 12 How. 299; Gilman v. Philadelphia, 3 Wall. 713; Ex parte McNeill, 13 Wall. 240; Pound v. Turck, 95 U. S. 462; Mitchell v. Steelman, 8 Cal. 333: Crandall v. Nevada, 6 Wall. 35; People v. Cent. Pac. R. Co. 43 Cal. 404.

(e) City of Macomb v. Twaddle, 4 Brad. 257; Richards v. Raymond, 92 Ill. 612. See Railroad Tax Cases, 13 Fed. Rep. 785, note.

(f) State Treasurer v. Philadelphia, W. & B. R. Co. 4 Houst. 158; Crandall v. Nevada, 6 Wall. 35.

(g) Pick v. Chicago, etc., R. Co. 6 Biss. 182; State Freight Tax Case, 15 Wall 232.

(h) Passenger Cases, 7 How. 283; Crandall v. Nevada, 6 Wall. 35; Henderson v. Mayor, etc., 92 U. S. 259.

(i) State Treasurer v. Philadelphia, W. & B. R. Co. 4 Houst. 153.

running of sleeping cars to be a privilege, and imposing a tax thereon, held constitutional, notwithstanding they are used for the accommodation of passengers traveling through the state.(*j*)

TAXATION ON GROSS RECEIPTS.   A state tax on gross receipts has been held not a tax on commerce.(*k*)   The annual tax imposed upon certain classes of corporations is not laid upon the money and receipts of such corporations, but upon their franchises; the amount of the net earnings or income being resorted to simply as a just measure of the tax that should be paid for the enjoyment of the franchise.(*l*)   A tax upon the entire amount of premiums received by insurance companies, intended to tax "all the business of the company, as evidenced by the entire premiums received from all sources, whether within or without the state," is not repugnant to the commercial clause of the constitution of the United States.(*m*)   An act requiring every foreign insurance company to make annual returns of premiums received in this state and to pay a tax thereon is valid.(*n*)   So savings banks may be required to pay annually a certain percentage on the total amount of their deposits.(*o*)   But a railroad or canal company differs from corporations for banking, insurance, or manufacturing purposes in this: that while the business of the latter is only remotely or incidentally connected with commerce, the business of roads and canals, namely, transportation of persons and property, is itself commerce.(*p*)   The tax on the premiums of insurance companies does not affect travel, coming in or going out.   It touches no interest outside the state, except in that remote and incidental manner in which state taxation may affect all property entering into the commerce of the state, and which has frequently been held to be no regulation of commerce.(*q*)

VEHICLES OF COMMERCE.   The vehicles of commerce may be taxed;(*r*) so vessels are taxable as property;(*s*) so of locomotives;(*t*) but they cannot be taxed as instruments of commerce;(*u*) and a tax on property which has been the subject of commerce, where it is taxed as property in common with all other property within the state, is not a tax on commerce.(*v*)   The owners of ships and vessels are liable to taxation for their interests in the same upon a valuation, as for other personal property.(*w*)   So steam-boats may be taxed as personal property at the home port, although they may be enrolled and licensed

(*j*) Pullman S Car Co. v. Garnes, 3 Tenn. Ch. 587. See Memphis & Little Rock R. Co. v. Nolan, 14 Fed. Rep. 534, note.

(*k*) West. U. Tel. Co. v. Mayer, 28 Ohio St. 521; Tax on Railway Gross Receipts, 15 Wall. 289.

(*l*) Phila. Contrib. for Ins. v. Com. 98 Pa. St. 48.

(*m*) Ins. Co. v. Com. 87 Pa. St. 173.

(*n*) Germania L. Ins. Co. v. Com. 85 Pa. St. 513.

(*o*) Phila. Contrib. for Ins. v. Com. 98 Pa. St. 48; Society for Savings v. Coite, 6 Wall. 594; Prov. Instit. v. Massachusetts, Id. 611.

(*p*) State Tax on Railway Gross Receipts, 15 Wall. 299, dissenting opinion of Miller, J., Field and Hunt, JJ., concurring. See note to In re Watson, 15 Fed. Rep. 518.

(*q*) Ins. Co. v. Com. 87 Pa. St. 181; Brown v. Maryland, 6 Wall. 31; Passenger Cases, 7 How. 283; Hays v. Steam-ship Co 17 How. 596; Steamship Co. v. Port-wardens, 6 Wall. 31; Crandall v.

Nevada, Id. 36; Almy v. California, 24 How. 169; Tonnage Tax Cases, 15 Wall. 232; State Tax on Foreign-held Bonds, Id. 300.

(*r*) Transp. Co. v. Wheeling, 9 W. Va. 182; Camden v. Haymond, Id. 680.

(*s*) Howell v. State, 3 Gill, 14; Perry v. Torrence, 8 Ohio, 522; Lott v. Mobile Trade Co. 43 Ala. 578; State Tonnage Tax Cases, 12 Wall. 204.

(*t*) Minot v. Phila., etc., R. Co. 18 Wall. 206; S. C. 2 Abb. (U. S.) 323.

(*u*) Transp. Co. v. Wheeling, 99 U. S. 284; Johnson v. Drummond, 20 Grat. 419; Passenger Cases, 7 How. 283, 479.

(*v*) Brown v. Maryland, 12 Wheat. 419; Pervear v. Com. 5 Wall. 475; Waring v. Mayor, 8 Wall. 110; Transp. Co. v. Wheeling, 99 U. S. 282; Hays v. Pac. M. S. S. Co 17 How. 596.

(*w*) Transp. Co. v. Wheeling, 99 U. S. 282; Hays v. Pac. M. S. S. Co. 17 How. 596.

as coasting vessels;(x) but they cannot be taxed according to their towage,(y) or their measurement without regard to their valuation,(z) but on their valuation.(a) A duty, tax, or burden imposed under the authority of the state, which is, by the law imposing it, to be measured by the capacity of the vessel, and is in its essence a contribution claimed for the privilege of arriving and departing from a port of the United States, is within the prohibition of the constitution.(b) The inability of the state to tax the ship as an instrument of commerce arises from the express prohibitions contained in the federal constitution.(c)—[ED.

(x) Transp. Co. v. Wheeling, 99 U. S. 273; S. C. 9 W. Va. 178:

(y) Transp. Co. v. Wheeling, 9 W. Va. 178.

(z) Telegraph Co. v. Texas, 105 U. S. 465; State Tonnage Tax Cases, 12 Wall. 204; Peete v. Morgan, 19 Wall. 581; Cannon v. N. O. 20 Wall. 577; Inman S. S. Co. v. Tinker, 94 U. S. 238.

(a) Transp. Co. v. Wheeling, 9 W. Va. 179.

(b) Transp. Co. v. Wheeling, 99 U. S. 284; Cannon v. N. O. 20 Wall. 577; Peete v. Morgan, 19 Wall. 581; State Tonnage Tax Cases, 12 Wall. 204.

(c) Transp. Co. v. Wheeling. 99 U. S. 280; Passenger Cases, 7 How. 429.